1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California 95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
6   ANDY TSOI

**Filed**

JAN 1 0 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

7

8              IN THE UNITED STATES DISTRICT COURT
9         FOR THE NORTHERN DISTRICT OF CALIFORNIA
                    SAN JOSE DIVISION

10   ANDY TSOI,                     Case No. **CV 13- 0143**

11

12                Plaintiff,     **COMPLAINT**
     v.
13                           **DEMAND FOR JURY TRIAL**

14   PATENAUDE & FELIX, A
    PROFESSIONAL CORPORATION, a     15 United States Code § 1692 *et seq.*
15   California corporation; MICHAEL R.     California Civil Code § 1788 *et seq.*
    BOULANGER, individually and in his
16   official capacity,

17               Defendants.

18       Plaintiff, ANDY TSOI, based on information and belief and investigation of counsel, except for

19   those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal

20   knowledge), hereby makes the following allegations:

21

22                       **I. INTRODUCTION**

23       1.   This is an action for actual damages, statutory damages, attorney fees and costs

24   brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act,

25   15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act,

26   California Civil Code § 1788, *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

27   engaging in abusive, deceptive and unfair practices.

28

2.   According to 15 U.S.C. § 1692:

a.   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.   It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.   The California Legislature has found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II.  JURISDICTION

4.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and

---

[1] Cal. Civil Code § 1788.1(a)(1).

1   supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.   Declaratory

2   relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3          5.   This action arises out of Defendants' violations of the Fair Debt Collection

4   Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

5                              **III.  VENUE**

6          6.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a

7   substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

8   Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants

9   transact business in this judicial district and the violations of the FDCPA complained of occurred in this

10  judicial district.

11                    **IV.  INTRADISTRICT ASSIGNMENT**

12         7.   This lawsuit should be assigned to the San Jose Division of this Court because a

13  substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara

14  County.

15                              **V.  PARTIES**

16         8.   Plaintiff, ANDY TSOI (hereinafter "Plaintiff"), is a natural person residing in Santa

17  Clara County, California.   Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a

18  "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

19         9.   Defendant, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION,

20  (hereinafter "P&F"), is a California corporation engaged in the business of collecting debts in this state

21  with its principal place of business located at: 4545 Murphy Canyon Road, 3rd Floor, San Diego,

22  California  92123-4363.   P&F may be served as follows: Patenaude & Felix, APC, c/o Raymond

23  Patenaude, Agent for Service, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California  92123-

1   4363. The principal business of P&F is the collection of debts using the mails and telephone and P&F

2   regularly attempts to collect debts alleged to be due another. P&F is a "debt collector" within the

3   meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

4  

5           10.   Defendant, MICHAEL R. BOULANGER (hereinafter "BOULANGER"), is a

6   natural person and licensed attorney in the state of California and is or was an employee and/or agent of

7   P&F at all relevant times. BOULANGER may be served at his current business address at: Michael R.

8   Boulanger, Patenaude & Felix, APC, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California

9   92123-4363. The principal purpose of BOULANGER's business in the collection consumer debts due

10   or alleged to be due another. BOULANGER is regularly engaged in the business of collecting

11   consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others

12  

13   and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet.

14   BOULANGER is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

15           11.   At all times herein mentioned, each of the Defendants was an officer, director,

16   agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said

17   times, each Defendant was acting in the full course and scope of said office, directorship, agency,

18  

19   service, employment and/or joint venture. Any reference hereafter to "Defendants" without further

20   qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

21                         **VI. FACTUAL ALLEGATIONS**

22           12.   On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation,

23   namely a consumer credit account issued by Discover Bank (hereinafter "the debt"). The debt was

24   incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is

25   defined by 15 U.S.C. § 1692a(5).

26  

27           13.   Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on

28

1    a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for

2    collection from Plaintiff.

3        14.    On or about April 9, 2012, Defendants filed a lawsuit against Plaintiff in the

4    Superior Court of California, Santa Clara County captioned *Discover Bank v. Andt Tsoi, et al.*, Case

5    No. 1-12-CV-222379 (hereinafter the "*Discover Bank v. Tsoi* complaint"), which sought to collect

6

7    $11,319.05 in damages.

8        15.    A true and accurate copy of the *Discover Bank v. Tsoi* complaint is attached

9    hereto, marked Exhibit "1," and by this reference is incorporated herein.

10       16.    The *Discover Bank v. Tsoi* complaint (Exhibit "1") stated as follows:

11

12       Plaintiff (name): DISCOVER BANK alleges that defendant (name): ANDY TSOI
         became indebted to plaintiff within the last four years because an account was stated in
13       writing by and between plaintiff and defendant in which it was agreed that defendant
         was indebted to plaintiff.

14

15       17.    As a result of the *Discover Bank v. Tsoi* complaint (Exhibit "1"), Plaintiff was

16   required to retain legal counsel at his own expense thereby incurring actual damages in the form of

17   attorney fees and costs.[2]

18       18.    Discover Bank is a national banking association with its principal offices located

19   at: 502 East Market Street, Greenwood, Delaware 19950.

20       19.    The Cardmember Agreement between Plaintiff and Discover Bank states in

21

22   relevant part as follows:

23       Governing Law: This Agreement and any claim or dispute arising out of this Agreement
         will be governed by applicable federal law and, to the extent state law applies, Delaware
24       law.

25

26   [2]  See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred
     defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1),
27   and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS
     8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court
28   action as actual damages under 15 U.S.C. § 1692k).

20.     The Delaware statute of limitations to recover on a debt or promise is three years from the date of breach.[3]  See, 10 Del. Code § 8106.

21.     Plaintiff is informed and believes, and thereon alleges that the last charge on the debt was made by Plaintiff on January 20, 2007.

22.     Plaintiff is informed and believes, and thereon alleges that the last payment on the debt was received by Discover Bank on January 29, 2009.

23.     Discover Bank's claims against Plaintiff accrued more than three years prior to the filing of the *Discover Bank v. Tsoi* complaint (Exhibit "1").  "A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt."[4]

24.     The *Discover Bank v. Tsoi* complaint (Exhibit "1") misrepresented the character, amount and legal status of the debt.

25.     Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint.  Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

26.     Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

27.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

---

[3]  *Resurgence Financial, LLC v. Chambers*, 173 Cal. App. 4th Supp. 1, 4 (Cal. Super. Ct. 2009) ("Under Delaware law, the statute of limitations for breach of contract is three years.").
[4]  *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011)).

28.   Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

29.   Defendant, P&F, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

30.   Defendant, BOULANGER, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

31.   The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

32.   Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

a.   Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b.   Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A); and

c.   Defendants attempted to collect a debt that is known by Defendants to be barred by the applicable statute of limitations, in violation of 15 U.S.C. § 1692f.

33.   Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

34.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

35.   Plaintiff brings the second claim for relief against Defendant, P&F, under the

1    Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

2          36.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

3 herein.

4          37.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

5 1788.2(h).

6

7          38.    Defendant, P&F, is a "debt collector" as that term is defined by the RFDCPA, Cal.

8 Civil Code § 1788.2(c).

9          39.    The financial obligation owed by Plaintiff is a "consumer debt" as that term is

10 defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

11

12          40.    Defendant, P&F, has violated the RFDCPA.  The violations include, but are not

13 limited to, the following:

14            a.    P&F made and used false, deceptive and misleading representations in an

15 attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[5]

16            b.    P&F misrepresented the character, amount or legal status of the debt, in

17 violation of Cal. Civil Code § 1788.17;[6] and

18

19            c.    P&F attempted to collect a consumer debt that was known by P&F to be

20 barred by the applicable statute of limitations, in violation of Cal. Civil Code § 1788.17.[7]

21          41.    Defendant, P&F's, acts as described above were done willfully and knowingly

22 with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code §

23 1788.30(b).

24

25          42.    As a result of P&F's violations of the RFDCPA, Plaintiff is entitled to an award of

26 actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

27 [5] 15 U.S.C. §§ 1692e and 1692e(10).

28 [6] 15 U.S.C. § 1692e(2)(A).
   [7] 15 U.S.C. §§ 1692f.

43.    As a result of P&F's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

44.    As a result of P&F's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17.[8]

45.    As a result of P&F's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[9]

46.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)  Assume jurisdiction in this proceeding;

b)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f;

c)  Declare that Defendant, P&F, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d)  Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e)  Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

---

[8]  15 U.S.C.§ 1692k(a)(2)(A).
[9]  15 U.S.C.§ 1692k(a)(3).

1    $1,000, pursuant to Cal. Civil Code § 1788.30(b);

2    g)    Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal.

3          Civil Code § 1788.17;[10]

4    h)    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

5          U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[11] and 1788.30(c); and

6

7    i)    Award Plaintiff such other and further relief as may be just and proper.

8

9                                              CONSUMER LAW CENTER, INC.

10                                             By: /s/ Fred W. Schwinn
11                                             Fred W. Schwinn (SBN 225575)
                                               CONSUMER LAW CENTER, INC.
12                                             12 South First Street, Suite 1014
                                               San Jose, California  95113-2418
13                                             Telephone Number: (408) 294-6100
                                               Facsimile Number: (408) 294-6190
14                                             Email Address: fred.schwinn@sjconsumerlaw.com
15
                                               Attorney for Plaintiff
16                                             ANDY TSOI

17

18

19

20

21

22

23

24

25

26

27
     _____
28   [10]  15 U.S.C. § 1692k(a)(2)(A).
     [11]  15 U.S.C. § 1692k(a)(3).

                                      - 10 -
                                    COMPLAINT

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANDY TSOI, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

- 11 -
COMPLAINT

PLD-C-001(20)

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* 0920920:75 PATENAUDE & FELIX (858) 836-0318   *Page 5 of 11* | FOR COURT USE ONLY |
| **LAW OFFICES OF PATENAUDE & FELIX, A.P.C.**<br>Raymond A. Patenaude, (#128855) / Michael R. Boulanger, (#226294)<br>Michael D. Kahn, (#236898) / Tara Natarajan, (#263333) / Kevin S. Landrith, (#125739)<br>4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123<br>TELEPHONE NO.: (858) 244-7600       FAX NO. *(Optional):* (858) 836-0318<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* PLAINTIFF | (ENDORSED)<br>FILED<br>APR -9 2012<br>D. Wendel |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

STREET ADDRESS:
MAILING ADDRESS: 191 NO. FIRST STREET
CITY STATE AND ZIP CODE: SAN JOSE CA 95113
BRANCH NAME: SANTA CLARA CIVIL DIVISION

PLAINTIFF: **DISCOVER BANK**

DEFENDANT(S): **ANDY TSOI,**

☒ and DOES 1 through 15, inclusive

| | CONTRACT | | | |
|---|---|---|---|---|
| ☒ | COMPLAINT | ☐ | AMENDED COMPLAINT *(Number):* | |
| ☐ | CROSS-COMPLAINT | ☐ | AMENDED CROSS-COMPLAINT *(Number)* | |

**Jurisdiction** *(check all that apply):*

☒ **ACTION IS A LIMITED CIVIL CASE**
  Amount demanded ☐ does not exceed $10,000
  ☒ exceeds $10,000 but does not exceed $25,000
☐ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
☐ **ACTION IS RECLASSIFIED by this amended complaint or cross-complaint**
  ☐ from limited to unlimited
  ☐ from unlimited to limited

CASE NUMBER:

112CV222379

1. Plaintiff* (name or names): DISCOVER BANK

   alleges causes of action against **defendant(s)*** *(name or names):* ANDY TSOI,

2. This pleading, including attachments and exhibits, consists of the following number of pages: 3

3. a. Each plaintiff named above is a competent adult
   ☒ **except plaintiff** *(name):* DISCOVER BANK
     (1) ☐ a corporation qualified to do business in California
     (2) ☐ an unincorporated entity *(describe):*
     (3) ☒ other *(specify):*  a National Banking Association organized and existing under and by virtue of the law
     of the United States of America.
   b. ☐ Plaintiff *(name):*
     a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*
     b. ☐ has complied with all licensing requirements as a licensed *(specify):*
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant(s) named above is a natural person
   ☐ **except defendant** *(name):*                              ☐ **except defendant** *(name):*
     (1) ☐ a business organization, form unknown          (1) ☐ a business organization, form unknown
     (2) ☐ a corporation                                  (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe):*          (3) ☐ an unincorporated entity *(describe):*
     (4) ☐ a public entity *(describe):*                   (4) ☐ a public entity *(describe):*
     (5) ☐ other *(specify):*                              (5) ☐ other *(specify):*

Page 1 of 2

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(20) [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

5 of 11

CA_03 EFile Complaint Contract       **File By Fax**       P&F File No. 11-39790



EXHIBIT
1

| SHORT TITLE: DISCOVER BANK vs. ANDY TSOI, | CASE NUMBER: |
|---|---|

2139-020925630  2012020920:75  PATENAUDE & FELIX (858) 836-0318  Page 6 of 11

4. *(Continued)*

b. The true names of defendant(s) sued as Does are unknown to plaintiff.

(1) ☐ Doe defendant(s) *(specify Doe numbers):* _____ were the agents or employees of the named defendant(s) and acted within the scope of that agency or employment.

(2) ☐ Doe defendant(s) *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

d. ☐ Defendant(s) who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**

a. ☐ has complied with applicable claims statutes, *or*

b. ☐ is excused from complying because *(specify):*

6. ☒ This action is subject to  ☒ Civil Code section 1812.10  ☐ Civil Code section 2984.4.

7. This court is the proper court because

a. ☐ a defendant(s) entered into the contract here.

b. ☐ a defendant(s) lived here when the contract was entered into.

c. ☒ a defendant(s) lives here now.

d. ☐ the contract was to be performed here.

e. ☐ a defendant(s) is a corporation or unincorporated association and its principal place of business is here.

f. ☐ real property that is the subject of this action is located here.

g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

☐ Breach of Contract

☒ Common Counts

☒ Other *(specify):* Refer to Other allegations in number 9

9. ☒ Other allegations: Before commencement of this action, in those cases where recovery of costs is dependent on such notices, Plaintiff informed the defendant(s) in writing it intended to file this action and that this action could result in a judgment against defendant(s) that would include court costs and necessary disbursements allowed by CCP Section 1033(b)(2).

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. ☒ damages of: $11,319.05

b. ☐ interest on the damages

(1) ☐ according to proof

(2) ☐ at the rate of *(specify):* _____ percent per year from *(date):*

c. ☐ attorney's fees

(1) ☐ of:

(2) ☐ according to proof.

d. ☒ other *(specify):* For such other relief as the Court deems just and fair.

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: February 06, 2012

MICHAEL BOULANGER, ESQ.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*  6 of 11

| PLD-C-001(20) [Rev. January 1, 2007] | COMPLAINT—Contract | Page 2 of 2 |
|---|---|---|

CA_03 EFile Complaint Contract   **File By Fax**   P&F File No. 11-39790

PLD-C-001(2)

| SHORT TITLE:<br>DISCOVER BANK vs. ANDY TSOI, *2139-020925630 2012020920:75 PATENAUDE & FELIX (858) 836-0318* | CASE NUMBER:<br>*Page 7 of 11* |
|---|---|

<u>FIRST</u> _____ **CAUSE OF ACTION—Common Counts**
      *(number)*

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*: DISCOVER BANK

     alleges that Defendant(s) *(name)*: ANDY TSOI,

     became indebted to ☒ plaintiff ☐ other *(name)*:

     a. ☒ within the last four years
        (1) ☐ on an open book account for money due.
        (2) ☒ because an account was stated in writing by and between plaintiff and defendant in which it was agreed that
            defendant was indebted to plaintiff.
     b. ☒ within the last ☐ two years ☒ four years
        (1) ☐ for money had and received by defendant for the use and benefit of plaintiff.
        (2) ☐ for work, labor, services and materials rendered at the special instance and request of defendant and
            for which defendant promised to pay plaintiff
            ☐ the sum of $
            ☐ the reasonable value.
        (3) ☐ for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised
            to pay plaintiff
            ☐ the sum of $
            ☐ the reasonable value.
        (4) ☐ for money lent by plaintiff to defendant at defendant's request.
        (5) ☐ for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
        (6) ☒ other *(specify)*: This cause of action is based upon account number XXXXXXXXXX285375
            for the sum by which Defendant has been unjustly enriched by virtue of Defendant
            receiving monetary or other benefit, by Defendant knowingly requesting the funds at issue
            and/or accepting the benefits bestowed. It is inequitable for Defendant to retain said
            benefits without repaying Plaintiff the value thereof.

CC-2. $11,319.05, which is the reasonable value, is due and unpaid despite plaintiff's demand,
     plus prejudgment interest ☐ according to proof ☐ at the rate of _____ percent per year
     from *(date)*:

CC-3. ☐ Plaintiff is entitled to attorney fees by an agreement or a statute
        ☐ of $
        ☐ according to proof.

CC-4. ☒ Other: For such other and further relief as the Court deems just and fair.

                                      Page _____ 3
                                           *Page 1 of 1*

Form Approved for Optional Use          **CAUSE OF ACTION—Common Counts**          Code of Civil Procedures, § 425.12
Judicial Council of California
PLD-C-001(2) [January 1, 2009]                                        7 of 11

CA_05 EFile Common Counts     File By Fax       P&F File No. 11-39790

| | |
|---|---|
| 1 | **PATENAUDE & FELIX, A.P.C.** |

1 **PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude, Esq. (#128855)
2 Michael R. Boulanger, Esq. (#226294)
Michael D. Kahn, Esq. (#236898)
3 Tara Natarajan, Esq. (#263333)
Kevin S. Landrith, Esq. (#125739)
4 4545 Murphy Canyon Road, 3rd Floor
San Diego, California 92123
5 Tele: (858) 244-7600  Fax: (858) 836-0318

6
7 Attorneys for Plaintiff
DISCOVER BANK

(ENDORSED) FILED

APR -9 2012

8                **SUPERIOR COURT OF CALIFORNIA**

9        **COUNTY OF SANTA CLARA, SANTA CLARA CIVIL DIVISION**

10 DISCOVER BANK

11                                    Case No. **1 1 2 C V 2 2 2 3 7 9**
                          Plaintiff,   **DECLARATION RE: VENUE**
12
13 v.

ANDY  TSOI,  et al.,
14
                          Defendant(s).
15

16 I, Michael Boulanger, do hereby declare:

17        1.  That I am the attorney at law, duly licensed to practice before all Courts in the state

18 of California.

19        2.  I am an associate with the Law Offices of Patenaude & Felix, APC, counsel of

20 record for Plaintiff herein.

21        3.  I make this Declaration based on my personal knowledge, except for those items

22 which are stated to be based on my information and belief.  If called to testify I could, and would,

23 competently testify to the matters contained herein, based upon my personal knowledge, except for

24 that which is stated to be based on my information and belief, and with the respect to those items, I

25 believe them to be true.

26 ///

27
28                                                    8 of 11

                                    1

**DECLARATION RE: VENUE**
P&F File No. 11-39790

4. Based on the information in this office's file, this is the proper Judicial District because at least one Defendant resides in this Judicial District.

5. This Action is subject to California Civil Code section 1812.10.

6. This Action is not subject to California Civil Code section 2984.4 or California Code of Civil Procedure section 395(b).

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 06, 2012, San Diego, California.

MICHAEL BOULANGER, ESQ.

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CA 92123
TELE: (858) 244-7600 FAX: (858) 836-0318

**DECLARATION RE: VENUE**
P&F File No. 11-39790

CA_105A