JUNE D. COLEMAN (CSBN 191890)
jcoleman@kmtg.com
DANIELLE R. TEETERS (CSBN 210056)
dteeters@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN &
GIRARD
400 Capitol Mall, 27th Floor
Sacramento, CA 95814
Telephone:   (916) 321-4500
Facsimile:   (916) 321-4555

Attorneys for Defendants
PATENAUDE & FELIX, APC and MICHAEL R.
BOULANGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDY TSOI,<br><br>              Plaintiff,<br><br>v.<br><br>PATENAUDE & FELIX, A Professional Corporation; MICHAEL R. BOULANGER, individually and in his official capacity,<br><br>              Defendants. | CASE NO.  3:13-cv-00143 SI<br><br>**DECLARATION OF TARA NATARAJAN IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>DATE:          December 20, 2013<br>TIME:          9:00 a.m.<br>COURTROOM:   10, 19th Floor<br><br>HONORABLE SUSAN ILSTON |

I, Tara Natarajan, declare:

1.      I am an attorney duly licensed to practice in the state of California, and employed by Patenaude & Felix.  I am one of the attorneys of record for Patenaude & Felix, APC, and Michael R. Boulanger ("Defendants"), defendants in the case referenced above.  I have personal knowledge of the information herein set below, unless noted as based on information and belief, all of which is true and correct of my own personal knowledge.  If called upon to testify, I could and would competently testify thereto.

2.      Without meeting and conferring, Mr. Fred Schwinn, counsel for Plaintiff Tsoi, filed a Motion to Strike All Affirmative Defense in Defendants' Answers on April 18, 2013. After the Motion was filed, I communicated with Mr. Schwinn, indicating Defendants' willingness to file amended Answers to address the concerns identified in the Motion to Strike. This was documented in the Joint Case Management Statement and filed on April 25, 2013; approximately one week after the Motion to Strike was filed.

3.      I attended the May 2, 2013 case management conference on behalf of Defendants. During the conference, the Court commented that a simple phone call to meet and confer could have avoided the filing of the Motion to Strike and that the Court would like Plaintiff to withdraw the Motion to Strike.   The Court expressed unhappiness at the filing of the Motion without meeting and conferring and that the Court thought the filing of the Motion to Strike was wasteful. The Court ordered that Mr. Schwinn withdraw the Motion to Strike and Mr. Schwinn agreed to withdraw the Motion to Strike. The Court further requested that Defendants file their amended answers by May 15, 2013.   Therefore, the answers would be amended approximately 5 weeks before the June 21, 2013 hearing date for the improvident Motion to Strike.

4.      The sum total of Mr. Schwinn's legal activity on the federal case was the following: prepared an improvident Motion to Strike without meeting and conferring, attended a case management conference and jointly prepared a case management conference statement, served an Initial Disclosure document, propounded discovery, accepted a Rule 68 offer, and filed a pre-mature Motion for Attorneys' Fees and Costs without meeting and conferring

5.      In the collection case, Mr. Schwinn litigated the case until the eve of trial. Mr. Schwinn answered the Complaint, drafted a Cross-Complaint, drafted a 6-page Opposition to a Demurrer to the Cross-Complaint; drafted discovery and a bill of particulars, received the responses to these discovery requests, drafted a 12-page trial brief, negotiated a settlement, and drafted a 4-page settlement agreement.

6.      Attached is a true and correct copy of Plaintiff's Acceptance of the Offer of Judgment as Exhibit A.

7.      Attached is a true and correct copy of the Cross Complaint as Exhibit B.

KRONICK, MOSKOVITZ,
TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

1039880.1 12357.016                                    - 2 -

DECLARATION OF TARA NATARAJN IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

1    8.    Attached is a true and correct copy of the Federal Complaint as Exhibit C.

2    9.    Attached is a true and correct copy of the Settlement Agreement as Exhibit D.

3    10.    Attached is a true and correct copy of the Initial Disclosures as Exhibit E.

4    11.    Attached is a true and correct copy the Plaintiff's Discovery Requests as Exhibit F.

5    I declare under penalty of perjury pursuant to the laws of the State of California that the

6    foregoing is true and correct and that this Declaration was executed in San Diego CA, on October

7    17, 2013.

8                                          /s/ Tara Natarajan
                                           TARA NATARAJAN
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONICK, MOSKOVITZ,
TIEDEMANN & GIRARD
ATTORNEYS AT LAW
SACRAMENTO

1039880.1 12357.016                                    - 3 -

DECLARATION OF TARA NATARAJN IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES
AND COSTS

EXHIBIT A

1  Fred W. Schwinn (SBN 225575)
2  Raeon R. Roulston (SBN 255622)
   CONSUMER LAW CENTER, INC.
3  12 South First Street Suite 1014
   San Jose, California 95113-2418
4  Telephone number: (408) 294-6100
   Facsimile number: (408) 294-6190
5  Email Address: fred.schwinn@sjconsumerlaw.com

6
   Attorneys for Plaintiff
7  ANDY TSOI

8         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF CALIFORNIA
9             SAN FRANCISCO DIVISION

10
   ANDY TSOI,                          Case No. 3:13-CV-00143-SI
11
                     Plaintiff,        NOTICE OF ACCEPTANCE OF
12                                     OFFER OF JUDGMENT
        v.
13                                     Fed. R. Civ. P. 68
   PATENAUDE & FELIX, A PROFESSIONAL
14 CORPORATION, a California corporation; and
   MICHAEL R. BOULANGER, individually and
15 in his official capacity,

16
                     Defendants.
17

18         COMES NOW the Plaintiff, ANDY TSOI, by and through his attorneys Fred W. Schwinn and

19 Raeon R. Roulston of the Consumer Law Center, Inc., and hereby notifies the Court and the Defendants

20 that the Defendants' Offer of Judgment pursuant to Fed. R. Civ. P. 68 is hereby accepted. A copy of the

21 Defendants' Offer of Judgment is attached hereto for the Court's reference and is identified as Exhibit

22 "1."

23
                              oo0oo
24

25

26

27

28

NOTICE OF ACCEPTANCE OF OFFER OF JUDGMENT          Case No. 3:13-CV-00143-SI

1              CONSUMER LAW CENTER, INC.

2

3    Dated: _August 29, 2013_        By: _/s/ Fred W. Schwinn_

                                      Fred W. Schwinn (SBN 225575)

4              Raeon R. Roulston (SBN 255622)

          CONSUMER LAW CENTER, INC.

5              12 South First Street, Suite 1014

          San Jose, California 95113-2418

6              Telephone Number: (408) 294-6100

7              Facsimile Number: (408) 294-6190

          Email Address: fred.schwinn@sjconsumerlaw.com

8

9              Attorneys for Plaintiff

          ANDY TSOI

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

NOTICE OF ACCEPTANCE OF OFFER OF JUDGMENT         Case No. 3:13-CV-00143-SI

EXHIBIT B

1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California 95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Defendant/Cross-Complainant
    ANDY TSOI
6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SANTA CLARA

10  DISCOVER BANK,                        Case No. 1-12-CV-222379
11                                        (Limited Civil Case)
                        Plaintiff,
12  v.                                    CROSS-COMPLAINT
                                          FOR DAMAGES
13  ANDY TSOI, et al.,
14                                        California Civil Code § 1788 et seq.
                        Defendants.
15  ANDY TSOI,
16                   Cross-Complainant,
17  v.
18  DISCOVER BANK, a Delaware corporation;
    and ROES 1 through 10, inclusive,
19                                        Complaint Filed:    April 9, 2012
                                          Trial Date:        Not Set
20                  Cross-Defendants.

21          Cross-Complainant, ANDY TSOI (hereinafter "Cross-Complainant"), based on

22  information and belief and investigation of counsel, except for those allegations which pertain to the

23  named Cross-Complainant or her attorneys (which are alleged on personal knowledge), hereby makes

24  the following allegations:

25

26                              __INTRODUCTION__

27          1.   This is an action for actual damages, statutory damages, attorney fees and costs

28  brought by an individual consumer for Cross-Defendants' violations of the Rosenthal Fair Debt

---

                                        - 1 -

CROSS-COMPLAINT                                          Case No. 1-12-CV-222379

1  Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibits

2  creditors and debt collectors from engaging in abusive, deceptive and unfair practices.

3  **JURISDICTION AND VENUE**

4

5        2.   The Court has jurisdiction over this action pursuant to California Civil Code §

6  1788.30(f), which allows enforcement in any court of competent jurisdiction.  The California Superior

7  Court has jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants

8  the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts."

9  The statutes under which this action is brought do not grant jurisdiction on any other trial court in

10  California.

11

12        3.   This Court has jurisdiction over each Cross-Defendant named herein because, based

13  on information and belief, each Cross-Defendant is a corporation or association authorized to do

14  business in California and registered with the California Secretary of State, or does sufficient business,

15  has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally

16  avails itself of the California market through the promotion, sale, marketing and/or distribution of

17  goods and services in California and thereby having such other contacts with California so as to render

18  

19  the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair

20  play and substantial justice.

21        4.   Venue is proper in the Santa Clara Superior Court pursuant to California Code of

22  Civil Procedure §§ 393 and 395.5, because one or more of the violations alleged in this Cross-

23  Complaint arise in the County of Santa Clara.  Venue is also proper in the Santa Clara Superior Court

24  pursuant to California Code of Civil Procedure § 395(b) because this action arises from an extension of

25  credit intended primarily for personal, family or household use and Cross-Complainant (the alleged

26  borrower) resided in the County of Santa Clara at the commencement of this action.

27

28

- 2 -

**PARTIES**

5.    Cross-Complainant, ANDY TSOI (hereinafter "Cross-Complainant"), is a natural person residing in Santa Clara County, California. Cross-Complainant is a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

6.    Cross-Defendant, DISCOVER BANK (hereinafter "DISCOVER"), is a Delaware corporation engaged in the business of collecting debts in this state with its principal place of business located at: 502 East Market Street, Greenwood, Delaware 19950. The principal business of DISCOVER is the collection of debts using the mails and telephone, and DISCOVER regularly attempts to collect consumer debts. DISCOVER is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c).

7.    The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Cross-Defendants, ROES 1 through 10, are unknown to Cross-Complainant at this time, who therefore sues said Cross-Defendants by such fictitious names. When the true names and capacities of said Cross-Defendants have been ascertained, Cross-Complainant will amend this Cross-Complaint accordingly. Cross-Complainant is informed and believes, and thereon alleges, that each Cross-Defendant designated herein as a ROE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused damages thereby to the Cross-Complainant, as hereinafter alleged. Cross-Defendant, ROES 1-10, are, and each of them is, a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c).

8.    At all times herein mentioned, each of the Cross-Defendants was the agent, servant, employee and/or joint venturer of his Co-Defendants, and each of them, and at all said times, each Cross-Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Any reference hereafter to "Cross-Defendants" without further qualification is meant by

- 3 -

CROSS-COMPLAINT                                                   Case No. 1-12-CV-222379

1    Cross-Complainant to refer to each Cross-Defendant, and all of them, named above.

2            9.    Cross-Complainant is informed and believes, and thereon alleges that at all times

3    herein mentioned, Cross-Defendants, ROES 1-10, inclusive, were and are individuals, corporations,

4    partnerships, unincorporated associations, sole proprietorships and/or other business entities organized

5    and existing under and by virtue of the laws of the State of California, or the laws of some other state or

6    foreign jurisdiction, and that said Cross-Defendants, and each of them, have regularly conducted

7    business in the County of Santa Clara, State of California.

8

9                                    **FACTUAL ALLEGATIONS**

10

11           10.   On a date or dates unknown to Cross-Complainant, Cross-Complainant is alleged

12   to have incurred a financial obligation in the form of a consumer credit account (hereinafter "the

13   alleged debt").   Cross-Complainant generally denies that any debt is owed.   The alleged debt was

14   primarily for personal, family or household purposes and is therefore a "consumer debt" as that term is

15   defined by Cal. Civil Code § 1788.2(f).

16

17           11.   On or about April 9, 2012, Cross-Defendants filed this lawsuit in an attempt to

18   collect the alleged debt.

19           12.   Cross-Complainant is informed, believes and thereon alleges that Cross-

20   Defendants are attempting to collect the alleged debt from Cross-Complainant, an action that cannot

21   lawfully be taken.

22

23           13.   Cross-Complainant is informed and believes, and thereon alleges that Cross-

24   Defendants misrepresented the character, amount or legal status of the alleged debt in the Complaint.

25           14.   Cross-Complainant is informed and believes, and thereon alleges that Cross-

26   Defendants are attempting to collect a debt that is known by Cross-Defendants to be barred by the

27   applicable statute of limitations.

28

---

- 4 -

CROSS-COMPLAINT                                               Case No. 1-12-CV-222379

15.     Cross-Complainant is informed and believes, and thereon alleges that Cross-Defendants are attempting to collect interest, fees or other charges from Cross-Complainant in this case that were not expressly authorized by the agreement creating the alleged debt or otherwise permitted by law.

16.     Cross-Complainant is informed and believes, and thereon alleges that Cross-Defendants misrepresented the compensation which may be lawfully received by Cross-Defendants for the collection of the alleged debt.

## FIRST CAUSE OF ACTION

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17.     Cross-Complainant brings the first cause of action against Cross-Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

18.     Cross-Complainant repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

19.     Cross-Complainant is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

20.     Cross-Defendant, DISCOVER, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

21.     The financial obligation alleged to be owed by Cross-Complainant is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

22.     Cross-Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

a.     Cross-Defendants made and used false, deceptive and misleading representations in an attempt to collect the alleged debt from Cross-Complainant, in violation of

- 5 -

CROSS-COMPLAINT                                      Case No. 1-12-CV-222379

Cal. Civil Code § 1788.17;[1]

b.    Cross-Defendants misrepresented the character, amount or legal status of the alleged debt, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[2]

c.    Cross-Defendants misrepresented the compensation which may be lawfully received by Cross-Defendants for the collection of the alleged debt, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;[3]

d.    Cross-Defendants are attempting to collect the alleged debt from Cross-Complainant, an action that cannot lawfully be taken, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[4]

e.    Cross-Defendants are attempting to collect a debt that is known by Cross-Defendants to be barred by the applicable statute of limitations, in violation of Cal. Civil Code § 1788.17;[5] and

f.    Cross-Defendants are attempting to collect interest, fees or other charges from Cross-Complainant that are not expressly authorized by the agreement creating the alleged debt or otherwise permitted by law, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;[6]

23.    Cross-Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Cross-Complainant to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

24.    As a result of Cross-Defendants' violations of the RFDCPA, Cross-Complainant is

---

[1] 15 U.S.C. §§ 1692e and 1692e(10).
[2] 15 U.S.C. § 1692e(2)(A).
[3] 15 U.S.C. § 1692e(2)(B).
[4] 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).
[5] 15 U.S.C. § 1692f.
[6] 15 U.S.C. § 1692f(1).

CROSS-COMPLAINT                                              Case No. 1-12-CV-222379

entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

26. As a result of Cross-Defendants' willful and knowing violations of the RFDCPA, Cross-Complainant is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Cross-Defendant, pursuant to Cal. Civil Code § 1788.30(b).

26. As a result of Cross-Defendants' violations of the RFDCPA, Cross-Complainant is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against each Cross-Defendant, pursuant to Cal. Civil Code § 1788.17.[7]

27. As a result of Cross-Defendants' violations of the RFDCPA, Cross-Complainant is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[8]

28. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Cross-Complainant may have under any other provision of law.

## REQUEST FOR RELIEF

Cross-Complainant requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Cross-Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;

c) Award Cross-Complainant actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a);

---

[7] 15 U.S.C. § 1692k(a)(2)(A).
[8] 15 U.S.C. § 1692k(a)(3).

-7-

CROSS-COMPLAINT                                              Case No. 1-12-CV-222379

d) Award Cross-Complainant a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Cross-Defendant, pursuant to Cal. Civil Code § 1788.30(b);

e) Award Cross-Complainant statutory damages in an amount not to exceed $1,000 against each Cross-Defendant, pursuant to Cal. Civil Code §1788.17;[9]

f) Award Cross-Complainant the costs of this action and reasonable attorney's fees pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17;[10] and

g) Award Cross-Complainant such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

Dated: May 22, 2012

By: _____
Fred W. Schwinn, Esq.
Attorney for Defendant/Cross-Complainant
ANDY TSOI

---

[9] 15 U.S.C. § 1692k(a)(2)(A).
[10] 15 U.S.C. § 1692k(a)(3).

CROSS-COMPLAINT                                                              Case No. 1-12-CV-222379

EXHIBIT C

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   ANDY TSOI
6

*E-filing*

**Filed**

JAN 1 0 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

*ADR*

7

8              IN THE UNITED STATES DISTRICT COURT
9            FOR THE NORTHERN DISTRICT OF CALIFORNIA
                      SAN JOSE DIVISION

10 ANDY TSOI,                          Case No. **CV 13- 0143**

11                                     **COMPLAINT**
                        Plaintiff,
12                                     **DEMAND FOR JURY TRIAL**      *HRL*
      v.
13                                     15 United States Code § 1692 *et seq.*
   PATENAUDE & FELIX, A               California Civil Code § 1788 *et seq.*
14 PROFESSIONAL CORPORATION, a
   California corporation; MICHAEL R.
15 BOULANGER, individually and in his
   official capacity,
16

17                      Defendants.

18        Plaintiff, ANDY TSOI, based on information and belief and investigation of counsel, except for

19 those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal

20 knowledge), hereby makes the following allegations:

21

22                            **I. INTRODUCTION**

23        1.    This is an action for actual damages, statutory damages, attorney fees and costs

24 brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act,

25 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act,

26 California Civil Code § 1788, *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

27 engaging in abusive, deceptive and unfair practices.

28

2.    According to 15 U.S.C. § 1692:

a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.    The California Legislature has found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and

---

[1] Cal. Civil Code § 1788.1(a)(1).

supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

8. Plaintiff, ANDY TSOI (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Defendant, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, (hereinafter "P&F"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-4363. P&F may be served as follows: Patenaude & Felix, APC, c/o Raymond Patenaude, Agent for Service, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-

4363. The principal business of P&F is the collection of debts using the mails and telephone and P&F regularly attempts to collect debts alleged to be due another. P&F is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10.     Defendant, MICHAEL R. BOULANGER (hereinafter "BOULANGER"), is a natural person and licensed attorney in the state of California and is or was an employee and/or agent of P&F at all relevant times. BOULANGER may be served at his current business address at: Michael R. Boulanger, Patenaude & Felix, APC, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-4363. The principal purpose of BOULANGER's business in the collection consumer debts due or alleged to be due another. BOULANGER is regularly engaged in the business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. BOULANGER is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11.     At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

12.     On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by Discover Bank (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13.     Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on

- 4 -
COMPLAINT

a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

14. On or about April 9, 2012, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Santa Clara County captioned *Discover Bank v. Andt Tsoi, et al.*, Case No. 1-12-CV-222379 (hereinafter the "*Discover Bank v. Tsoi* complaint"), which sought to collect $11,319.05 in damages.

15. A true and accurate copy of the *Discover Bank v. Tsoi* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

16. The *Discover Bank v. Tsoi* complaint (Exhibit "1") stated as follows:

Plaintiff (name): DISCOVER BANK alleges that defendant (name): ANDY TSOI became indebted to plaintiff within the last four years because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

17. As a result of the *Discover Bank v. Tsoi* complaint (Exhibit "1"), Plaintiff was required to retain legal counsel at his own expense thereby incurring actual damages in the form of attorney fees and costs.[2]

18. Discover Bank is a national banking association with its principal offices located at: 502 East Market Street, Greenwood, Delaware 19950.

19. The Cardmember Agreement between Plaintiff and Discover Bank states in relevant part as follows:

Governing Law: This Agreement and any claim or dispute arising out of this Agreement will be governed by applicable federal law and, to the extent state law applies, Delaware law.

---

[2] See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

20. The Delaware statute of limitations to recover on a debt or promise is three years from the date of breach.[3] See, 10 Del. Code § 8106.

21. Plaintiff is informed and believes, and thereon alleges that the last charge on the debt was made by Plaintiff on January 20, 2007..

22. Plaintiff is informed and believes, and thereon alleges that the last payment on the debt was received by Discover Bank on January 29, 2009.

23. Discover Bank's claims against Plaintiff accrued more than three years prior to the filing of the *Discover Bank v. Tsoi* complaint (Exhibit "1"). "A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt."[4]

24. The *Discover Bank v. Tsoi* complaint (Exhibit "1") misrepresented the character, amount and legal status of the debt.

25. Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

27. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

---

[3] *Resurgence Financial, LLC v. Chambers*, 173 Cal. App. 4th Supp. 1, 4 (Cal. Super. Ct. 2009) ("Under Delaware law, the statute of limitations for breach of contract is three years.").
[4] *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011)).

28.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

29.    Defendant, P&F, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

30.    Defendant, BOULANGER, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

31.    The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

32.    Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a.    Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b.    Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A); and

    c.    Defendants attempted to collect a debt that is known by Defendants to be barred by the applicable statute of limitations, in violation of 15 U.S.C. § 1692f.

33.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

34.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

35.    Plaintiff brings the second claim for relief against Defendant, P&F, under the

Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

36.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

37.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

38.     Defendant, P&F, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

39.     The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

40.     Defendant, P&F, has violated the RFDCPA.  The violations include, but are not limited to, the following:

        a.     P&F made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[5]

        b.     P&F misrepresented the character, amount or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[6] and

        c.     P&F attempted to collect a consumer debt that was known by P&F to be barred by the applicable statute of limitations, in violation of Cal. Civil Code § 1788.17.[7]

41.     Defendant, P&F's, acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

42.     As a result of P&F's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

---

[5] 15 U.S.C. §§ 1692e and 1692e(10).
[6] 15 U.S.C. § 1692e(2)(A).
[7] 15 U.S.C. §§ 1692f.

43.    As a result of P&F's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

44.    As a result of P&F's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17.[8]

45.    As a result of P&F's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[9]

46.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)  Assume jurisdiction in this proceeding;

b)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f;

c)  Declare that Defendant, P&F, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d)  Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e)  Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

---

[8] 15 U.S.C. § 1692k(a)(2)(A).
[9] 15 U.S.C. § 1692k(a)(3).

- 9 -
COMPLAINT

$1,000, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;[10]

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[11] and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
ANDY TSOI

---

[10] 15 U.S.C. § 1692k(a)(2)(A).
[11] 15 U.S.C. § 1692k(a)(3).

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANDY TSOI, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

COMPLAINT

PLD-C-001(20)

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): 000920020830 20121020920:75 PATENAUDE & FELIX (858) 836-0318  Page 5 of 11 | **FOR COURT USE ONLY** |

**LAW OFFICES OF PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude, (#128855) / Michael R. Boulanger, (#226294)
Michael D. Kahn, (#236898) / Tara Natarajan,(#263333) / Kevin S. Landrith, (#125739)
4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123
  TELEPHONE NO.: (858) 244-7600          FAX NO. (Optional): (858) 836-0318
E-MAIL ADDRESS (Optional):
  ATTORNEY FOR (Name): PLAINTIFF

(ENDORSED)
FILED

APR -9 2012

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
        STREET ADDRESS:
        MAILING ADDRESS: 191 NO. FIRST STREET
CITY STATE AND ZIP CODE: SAN JOSE CA 95113
        BRANCH NAME: SANTA CLARA CIVIL DIVISION

  PLAINTIFF: DISCOVER BANK
DEFENDANT(S): ANDY TSOI,

☒ and DOES 1 through 15, inclusive

### CONTRACT

☒ COMPLAINT          ☐ AMENDED COMPLAINT (Number):
☐ CROSS-COMPLAINT   ☐ AMENDED CROSS-COMPLAINT (Number):

| | |
|---|---|
| **Jurisdiction** (check all that apply): | **CASE NUMBER:** |
| ☒ ACTION IS A LIMITED CIVIL CASE | 112CV222379 |
| Amount demanded ☐ does not exceed $10,000 | |
| ☒ exceeds $10,000 but does not exceed $25,000 | |
| ☐ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000) | |
| ☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint | |
| ☐ from limited to unlimited | |
| ☐ from unlimited to limited | |

1. Plaintiff* (name or names): DISCOVER BANK

 alleges causes of action against defendant(s)* (name or names): ANDY TSOI,

2. This pleading, including attachments and exhibits, consists of the following number of pages: 3
3. a. Each plaintiff named above is a competent adult
   ☒ except plaintiff (name): DISCOVER BANK
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☒ other (specify):  a National Banking Association organized and existing under and by virtue of the law
         of the United States of America.
   b. ☐ Plaintiff (name):
      a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name (specify):
      b. ☐ has complied with all licensing requirements as a licensed (specify):
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant(s) named above is a natural person
   ☐ except defendant (name):                      ☐ except defendant (name):
      (1) ☐ a business organization, form unknown      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                             (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):       (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):                (4) ☐ a public entity (describe):
      (5) ☐ other (specify):                           (5) ☐ other (specify):

                                                                    Page 1 of 2

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.      Code of Civil Procedure, § 425.12
Form Approved for Optional Use                    **COMPLAINT—Contract**
Judicial Council of California
PLD-C-001(20) [Rev. January 1, 2007]

5 of 11

CA_03 EFile Complaint Contract    **File By Fax**    P&F File No. 11-39790

**EXHIBIT
1**

SHORT TITLE: DISCOVER BANK vs. ANDY TSOI,

CASE NUMBER:

2139-020925630 2012020920/75 PATENAUDE & FELIX (858) 836-0318 Page 6 of 11

**4.** *(Continued)*

b. The true names of defendant(s) sued as Does are unknown to plaintiff.

(1) ☐ Doe defendant(s) *(specify Doe numbers):* _____ were the agents or employees of the named defendant(s) and acted within the scope of that agency or employment.

(2) ☐ Doe defendant(s) *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

d. ☐ Defendant(s) who are joined under Code of Civil Procedure section 382 are *(names):*

**5.** ☐ Plaintiff is required to comply with a claims statute, **and**

a. ☐ has complied with applicable claims statutes, *or*

b. ☐ is excused from complying because *(specify):*

**6.** ☒ This action is subject to ☒ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

**7.** This court is the proper court because

a. ☐ a defendant(s) entered into the contract here.

b. ☐ a defendant(s) lived here when the contract was entered into.

c. ☒ a defendant(s) lives here now.

d. ☐ the contract was to be performed here.

e. ☐ a defendant(s) is a corporation or unincorporated association and its principal place of business is here.

f. ☐ real property that is the subject of this action is located here.

g. ☐ other *(specify):*

**8.** The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

☐ Breach of Contract

☒ Common Counts

☒ Other *(specify):* Refer to Other allegations in number 9

**9.** ☒ Other allegations: Before commencement of this action, in those cases where recovery of costs is dependent on such notices, Plaintiff informed the defendant(s) in writing it intended to file this action and that this action could result in a judgment against defendant(s) that would include court costs and necessary disbursements allowed by CCP Section 1033(b)(2).

**10.** Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. ☒ damages of: $11,319.05

b. ☐ interest on the damages

(1) ☐ according to proof

(2) ☐ at the rate of *(specify):* _____ percent per year from *(date):*

c. ☐ attorney's fees

(1) ☐ of:

(2) ☐ according to proof.

d. ☒ other *(specify):* For such other relief as the Court deems just and fair.

**11.** ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: February 06, 2012

MICHAEL BOULANGER, ESQ.

(TYPE OR PRINT NAME)

► _____

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

6 of 11

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(20) [Rev. January 1, 2007]    **COMPLAINT—Contract**    Page 2 of 2

CA_03 EFile Complaint Contract    **File By Fax**    P&F File No. 11-39790

**PLD-C-001(2)**

| SHORT TITLE: DISCOVER BANK vs. ANDY TSOI, 2139-020925630 2012020920:75 PATENAUDE & FELIX (858) 836-0318 | CASE NUMBER: Page 7 of 11 |
|---|---|

<u>FIRST</u> _____     **CAUSE OF ACTION—Common Counts**
    (number)

ATTACHMENT TO   ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name)*: DISCOVER BANK

     alleges that Defendant(s) *(name)*: ANDY TSOI,

     became indebted to   ☒ plaintiff   ☐ other *(name)*:

     a. ☒ within the last four years
         (1) ☐ on an open book account for money due.
         (2) ☒ because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.
     b. ☒ within the last ☐ two years ☒ four years
         (1) ☐ for money had and received by defendant for the use and benefit of plaintiff.
         (2) ☐ for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff
             ☐ the sum of $
             ☐ the reasonable value.
         (3) ☐ for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
             ☐ the sum of $
             ☐ the reasonable value.
         (4) ☐ for money lent by plaintiff to defendant at defendant's request.
         (5) ☐ for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
         (6) ☒ other *(specify)*: This cause of action is based upon account number XXXXXXXXXX285375 for the sum by which Defendant has been unjustly enriched by virtue of Defendant receiving monetary or other benefit, by Defendant knowingly requesting the funds at issue and/or accepting the benefits bestowed. It is inequitable for Defendant to retain said benefits without repaying Plaintiff the value thereof.

CC-2. $11,319.05, which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest ☐ according to proof ☐ at the rate of _____ percent per year from *(date)*:

CC-3. ☐ Plaintiff is entitled to attorney fees by an agreement or a statute
         ☐ of $
         ☐ according to proof.

CC-4. ☒ Other: For such other and further relief as the Court deems just and fair.

                                                Page _____3_____
                                                    Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [January 1, 2009]       **CAUSE OF ACTION—Common Counts**       Code of Civil Procedure, § 425.12

7 of 11

CA_05 EFile Common Counts     **File By Fax**     P&F File No. 11-39790

1  **PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude, Esq. (#128855)
2  Michael R. Boulanger, Esq. (#226294)
Michael D. Kahn, Esq. (#236898)
3  Tara Natarajan, Esq. (#263333)
Kevin S. Landrith, Esq. (#125739)
4  4545 Murphy Canyon Road, 3rd Floor
San Diego, California 92123
5  Tele: (858) 244-7600  Fax: (858) 836-0318

6

7  Attorneys for Plaintiff
DISCOVER BANK

8

### SUPERIOR COURT OF CALIFORNIA

9

### COUNTY OF SANTA CLARA, SANTA CLARA CIVIL DIVISION

10

11  DISCOVER BANK                         Case No. **1 1 2 C V 2 2 2 3 7 9**

**DECLARATION RE: VENUE**

12                                 Plaintiff,

13  v.

14  ANDY TSOI,  et al.,

                                   Defendant(s).

15

16  I, Michael Boulanger, do hereby declare:

17       1.   That I am the attorney at law, duly licensed to practice before all Courts in the state

18  of California.

19       2.   I am an associate with the Law Offices of Patenaude & Felix, APC, counsel of

20  record for Plaintiff herein.

21       3.   I make this Declaration based on my personal knowledge, except for those items

22  which are stated to be based on my information and belief.  If called to testify I could, and would,

23  competently testify to the matters contained herein, based upon my personal knowledge, except for

24  that which is stated to be based on my information and belief, and with the respect to those items, I

25  believe them to be true.

26  ///

27

28                                                    8 of 11

                                   1.

**DECLARATION RE: VENUE**

CA_105A                                  P&F File No. 11-39790

(ENDORSED)
FILED

APR -9 2012

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CA 92123
TELE: (858) 244-7600  FAX: (858) 836-0318

1    4.  Based on the information in this office's file, this is the proper Judicial District

2  because at least one Defendant resides in this Judicial District.

3    5.  This Action is subject to California Civil Code section 1812.10.

4    6.  This Action is not subject to California Civil Code section 2984.4 or California Code

5  of Civil Procedure section 395(b).

6    I declare under the penalty of perjury under the laws of the State of California that the

7  foregoing is true and correct. Executed on February 06, 2012, San Diego, California.

8

9

10    MICHAEL BOULANGER, ESQ.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    9 of 11

2

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CA 92123
TELE: (858) 244-7600 FAX: (858) 836-0318

**DECLARATION RE: VENUE**

CA_105A   P&F File No. 11-39790

EXHIBIT D

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (this "Agreement") is made and entered into as of the 4th day of January, 2013, by and between DISCOVER BANK (hereinafter referred to as "Plaintiff") and ANDY TSOI (hereinafter referred to as "Defendant").

WHEREAS, Plaintiff filed a Complaint against Defendant in the Superior Court of the State of California – Santa Clara County, Case No. 1-12-CV-222379, alleging Defendant owes it a debt on a consumer credit card bearing the account number 6011-0006-1028-5375 (hereinafter the "Account").

WHEREAS, Defendant denies any liability to Plaintiff.

WHEREAS, Defendant filed a Cross-Complaint against Plaintiff in the Superior Court of the State of California – Santa Clara County, Case No. 1-12-CV-221734, alleging violations of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788, *et seq.* (hereinafter "the Lawsuit").

WHEREAS, Plaintiff denies any liability to Defendant.

WHEREAS, the parties wish to amicably, fully and forever resolve any and all claims that now or may exist between them.

NOW, THEREFORE, for and in consideration of the premises, covenants and agreements contained herein, and other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. **Payment and Dismissal.** Plaintiff shall pay to Defendant in full and complete settlement of the dispute the amount of $7,500.00, such payment to be made by check made payable to the Consumer Law Center, Inc., 12 South First Street, Suite 1014, San Jose, California 95113-2418. Funds shall be in Defendant's counsel possession by January 11, 2012.

2. **Mutual Release.** In consideration of the promises, warranties and covenants contained in this Agreement, it is agreed that Plaintiff and Defendant, on behalf of themselves as well as their heirs, successors, and assigns hereby agree to fully release and forever discharge and covenant not to sue the other and not hold them liable from any and all claims, demands or causes of action which either party has against the other arising out of the Account or Lawsuit, including, but not limited to, any claims arising out of, based upon, or relating in any way to any alleged act, omission, or dispute asserted in the claim or that could have been asserted in the claim and/or any other claim made under federal or state statutory or common law. This release includes, but is not limited to, claims for damages of any and all types, including compensatory damages, emotional distress, punitive damages, costs, interest, attorneys' fees and any other damages, whether known or unknown, anticipated or unanticipated, foreseen or unforeseen.

It is the express intent of the undersigned parties to waive any and all claims that they have against the persons and entities herein released, including any claims which are presently unknown, unsuspected, unanticipated or undisclosed. THE UNDERSIGNED PARTIES

1 of 4

EXPRESSLY WAIVE THE PROVISIONS OF SECTION 1542 OF THE CIVIL CODE OF CALIFORNIA, WHICH PROVIDES:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Notwithstanding the foregoing, nothing contained herein shall be deemed to be a release of Patenaude & Felix, A.P.C., or Michael R. Boulanger.

3. **No Admission of Liability.** Nothing in this Agreement, nor any act (including, but not limited to, the execution of this Agreement) of Plaintiff or Defendant, nor any transaction occurring between Plaintiff and Defendant prior to the date hereof is or shall be treated, construed or deemed as an admission by any party hereto of any liability, fault, responsibility or guilt of any kind to any other party hereto or to any person, as to any allegation or claim, or otherwise, for any purpose whatsoever, all such liability, fault, responsibility and guilt of any kind being expressly denied.

4. **Additional Documents.** The parties agree to execute and deliver such other and further instruments, documents and papers, and shall perform any and all acts necessary to give full force and effect to all of the terms and provisions of this Agreement, including, but not limited to Parties filing a Request for Dismissal with Prejudice to terminate the litigation captioned, DISCOVER BANK v. ANDY TSOI, and related cross action, Santa Clara County Case No. 1-12-CV-222379.

5. **No Forgiveness of Debt.** It is understood and agreed by the parties that the mutual release under this settlement agreement reflects settlement of disputed legal claims and does not represent a discharge of indebtedness.

6. **No Further Assignment.** Plaintiff will immediately, upon receipt of a fully executed copy of this Agreement, take all steps necessary to ensure that any and all rights and/or claims to collect on the Account are terminated, and ensure that the Account never will be hypothecated, assigned or transferred to any other person or debt collector. Plaintiff warrants that it is or will become the sole owner and holder of the Account, and no one else has any interest of any kind in the Account, or any portion of the Account. If any portion of or rights under any of the Account has been hypothecated, assigned or transferred from Plaintiff, Plaintiff agrees to promptly repurchase it from any and all holders and to hold Defendant harmless as against collection activity and credit reporting that may result, including, but not limited to, payment to Defendant of any damages and attorney's fees resulting from such hypothecation, assignment, or transfer.

7. **Credit Reporting.** Plaintiff will take the following steps regarding the reporting of the Account which was the subject of this action:

2 of 4

Within 15 business days after Plaintiff's receipt of Defendant's executed counterpart to this Agreement, Plaintiff shall request that the credit reporting agencies to which it typically reports the Account delete Plaintiff's trade-line for the Account from Defendant's credit file.

In the event that any Plaintiff receives from any credit reporting agency, any dispute of the debt or account information which was the subject of the underlying litigation, Plaintiff agrees that it will not take any action inconsistent with this agreement.

8. **Amendment.**  This Agreement may not be amended unless such amendment is in writing and signed by the parties hereto.

9. **No Waiver.**  Any breach or violation of any provision of this Agreement may only be waived in writing by the party entitled to the benefits thereof provided, however, that such waiver shall not operate as or be construed to be a waiver of any subsequent breach or violation hereof.

10. **Benefit.**  This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors, and assigns.

11. **Entire Agreement.**  This Agreement supersedes all prior discussions and agreements among the parties hereto with respect to the subject matter hereof and with respect to the transactions set forth in this Agreement and constitutes the sole and entire agreement of the parties with respect thereto.  Any representation, inducement, promise or agreement, whether oral or written among the parties hereto with respect to the transactions described herein that is not embodied herein shall be of no force and effect.

12. **Severability.**  If any provision of this Agreement shall be found by a court to be void, voidable, invalid or unenforceable, the remaining portions shall remain in full force and effect.

13. **Counterparts.**  This Agreement may be executed by facsimile transmission and in counterpart originals by each party that, when taken together, shall constitute the whole of the agreement as between the parties.  True and correct copies of the fully executed Agreement will be effective to enforce the terms and conditions set forth herein.

14. **Breach of this Agreement.**  If a party to this Agreement files a motion or lawsuit to enforce any term or condition herein, the party that prevails in such a lawsuit shall be entitled to an award of all attorneys' fees, professional fees, expert witness fees and disbursements it incurred prosecuting or defending such action.

15. **Governing Law.**  The parties agree that this Agreement shall be governed by the laws of the State of California.

16. **Venue.**  The parties agree that should any dispute arise between them regarding this Agreement or the subjects addressed herein, any legal action between them shall be brought and litigated only in the Superior Court of Santa Clara County, California.

IN WITNESS WHEREOF, the parties cause this Agreement to be executed as of the date first above written.

Dated: _Jan. 7, 2013_

Discover Bank
by: _JAMES BALL_

Dated: _____

_____
Andy Tsoi

IN WITNESS WHEREOF, the parties cause this Agreement to be executed as of the date first above written.

Dated: _____

Discover Bank

by: _____

Dated: January 4, 2013



Andy Tsoi

4 of 4

EXHIBIT E

1  Fred W. Schwinn (SBN 225575)
2  Raeon R. Roulston (SBN 255622)
   CONSUMER LAW CENTER, INC.
3  12 South First Street, Suite 1014
   San Jose, California 95113-2418
4  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
5  Email Address: fred.schwinn@sjconsumerlaw.com

6  Attorney for Plaintiff
   ANDY TSOI
7

8           IN THE UNITED STATES DISTRICT COURT
9         FOR THE NORTHERN DISTRICT OF CALIFORNIA
             SAN FRANCISCO DIVISION

10 ANDY TSOI,                          Case No. 3:13-CV-00143-SI

11                                     PLAINTIFF'S INITIAL DISCLOSURES
                    Plaintiff,         PURSUANT TO FED. R. CIV. P. 26(a)(1)
12
          v.                           [Fed. R. Civ. P. 26(a)(1)]
13
   PATENAUDE & FELIX, A PROFESSIONAL
14 CORPORATION, a California corporation; and
   MICHAEL R. BOULANGER, individually and
15 in his official capacity,

16
                    Defendants.
17

18         COME NOW Plaintiff, ANDY TSOI, by and through counsel, Fred W. Schwinn of Consumer

19 Law Center, Inc., and hereby states the following as required pursuant to Fed. R. Civ. P. 26(a)(1):

20         A.       The name and, if known, the address and telephone number of each individual likely to

21 have discoverable information that Plaintiffs may use to support their claims, unless solely for

22 impeachment, identifying the subjects of the information:

23              1.  Andy Tsoi, Central Square Tower 16D, Longgang District, Buji Street, Shenzhen, China,

24                  011-86-158-2040-1819.  Plaintiff has knowledge of the facts alleged in the Complaint.

25              2.  Michael R. Boulanger, Patenaude & Felix, APC, 4545 Murphy Canyon Road, 3rd Floor,

26                  San Diego, California 92123-4363.  Michael R. Boulanger is believed to have drafted,

27

28

filed and served the subject collection Complaint and is expected to have knowledge of various details regarding the collection lawsuit;

3. Agent(s)/Employee(s) of Patenaude & Felix, APC, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123-4363. Patenaude & Felix, APC, drafted, approved, ratified, filed and served the subject collection Complaint and are expected to have knowledge of various details regarding the collection lawsuit;

4. Expert testimony as needed. Plaintiff may seek to use expert testimony, but at this time has not retained or consulted with any experts. Plaintiff will supplement this disclosure once an expert has been retained; and

5. Any individuals identified by Defendants as having relevant information.

B.   A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the Plaintiff and that the Plaintiff may use to support his claims, unless solely for impeachment:

1. Documents from the Santa Clara County captioned *Discover Bank v. Andt Tsoi, et al.* Case No. 1-12-CV-222379 are attached hereto and bates-stamped 100001-100414, inclusive.

C.   In addition to the cost of bringing this action and attorney fees awarded pursuant to the FDCPA, 15 U.S.C.§ 1692k and Cal. Civil Code §§ 1788.17 and 1788.30(c), Plaintiff is seeking declaratory relief and statutory damages as follows:

1. Plaintiff is requesting declarations as follows:

a. That Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f; and

b. That Defendant, PATENAUDE & FELIX, APC, violated the Rosenthal Fair Debt

PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)
Case No. 3:13-CV-00143-SI

Collection Practices Act, Cal. Civil Code § 1788.17.

2. Plaintiff is requesting a monetary award as follows:

   a. Actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

   b. Statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. Statutory penalty in an amount not less than $100 nor greater than $1,000 against Defendant, PATENAUDE & FELIX, APC, pursuant to Cal. Civil Code § 1788.30(b);

   d. Statutory damages in an amount not to exceed $1,000 against Defendant, PATENAUDE & FELIX, APC, pursuant to Cal. Civil Code § 1788.17;[1] and

   e. Costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[2] and 1788.30(c).

3. Plaintiff also seeks an award of such other and further relief as the Court deems appropriate and just.

   D.   Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

   Not Applicable.

   WHEREFORE, Plaintiff hereby states that he has complied with Initial Disclosure requirements of Fed. R. Civ. P. 26(a)(1).

///

---

[1] 15 U.S.C. § 1692k(a)(2)(A).
[2] 15 U.S.C. § 1692k(a)(3).

CONSUMER LAW CENTER, INC.

Dated: April 24, 2013

By: _____
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
ANDY TSOI

## CERTIFICATE OF SERVICE

The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct copy of the above and foregoing document to be deposited in the United States mail, postage prepaid, addressed to the following:

Raymond A. Patenaude
Patenaude & Felix, APC
4545 Murphy Canyon Road, 3rd Floor
San Diego, CA 92123-4363

on this, the 24th day of April, 2013.

_____
Fred W. Schwinn

- 4 -
PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)
Case No. 3:13-CV-00143-SI

EXHIBIT F

1  Fred W. Schwinn (SBN 225575)
   Raeon R. Roulston  (SBN 255622)
2  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
3  San Jose, California  95113-2418
   Telephone Number: (408) 294-6100
4  Facsimile Number: (408) 294-6190
   Email Address: fred.schwinn@sjconsumerlaw.com
5
6  Attorney for Plaintiff
   ANDY TSOI
7

8              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                   SAN FRANCISCO DIVISION

10 ANDY TSOI,                          Case No. 3:13-CV-00143-SI
11
                        Plaintiff,     **PLAINTIFF'S FIRST SET OF**
12                                      **INTERROGATORIES PROPOUNDED TO**
       v.                              **DEFENDANT, PATENAUDE & FELIX, A**
13                                      **PROFESSIONAL CORPORATION**
   PATENAUDE & FELIX, A PROFESSIONAL
14 CORPORATION, a California corporation;
   MICHAEL R. BOULANGER, individually and
15 in his official capacity,
16
                        Defendants.
17

18      TO:    Patenaude & Felix, APC
               c/o Raymond A. Patenaude
19             Patenaude & Felix, APC
               4545 Murphy Canyon Road, 3rd Floor
20             San Diego, CA  92123-4363

21      COMES NOW the Plaintiff and pursuant to Rule 33 of the Federal Rules of Civil Procedure

22 propounds the following interrogatories to Defendant, PATENAUDE & FELIX, APC, to be answered

23 fully and under oath within thirty (30) days of service hereof.

24
25                            **INSTRUCTIONS**

26      A.     Defendant is hereby required to answer in writing, under oath within 30 days in

27 accordance with Rule 33 of the Federal Rules of Civil Procedure, the Interrogatories attached hereto.

28      B.     In answering the Interrogatories, furnish all information in the possession of you, your

                                    - 1 -

FIRST SET OF INTERROGATORIES                    Case No. 3:13-CV-00143-SI

agents, your employees, your attorneys, and investigators for your attorneys.

      C.     If you are currently without information necessary to respond to any Interrogatory or Document Request, such Interrogatory or Document Request shall be deemed to require a reasonable investigation.

      D.     If you cannot answer an Interrogatory in full after exercising due diligence to secure the information to do so, state the answer to the extent possible, specifying your inability to answer the remainder, setting forth the facts surrounding your investigation, describing whatever information or knowledge you have concerning the unanswered portion, and identifying who else might have the information sought.

      E.     If you withhold any requested information on the basis of privilege, please so state, and for each such request or document provide:

            (1)     The nature of the privilege(s) claimed;

            (2)     The form in which the information exists and the person(s) who has knowledge of it;

            (3)     The general subject matter of the material.

      F.     When an Interrogatory requests data that can be provided as a computer database or spreadsheet file, Plaintiff requests that the file be copied to a disk in one of the following formats in descending order of preference: PDF, ODF or TIFF.

      G.     The plural of any word shall include the singular form of that word and vice versa.

      H.     The masculine form of a word shall include the feminine form of that word and vice versa.

      I.     These Interrogatories are to be considered continuing, and supplemental answers must be filed by Defendant upon discovering or becoming aware of information rendering prior answers or any

FIRST SET OF INTERROGATORIES                    Case No. 3:13-CV-00143-SI

1   part thereof inaccurate, incomplete or untrue.

2       J.      Please sign the verification and mailing certificate attached to your Answers.

3       K.      Unless otherwise stated, the relevant time period is January 1, 2010, to the present.

4                                    **DEFINITIONS**

5

6       A.      The terms "YOU" or "YOUR" shall mean PATENAUDE & FELIX, APC, and all

7   persons acting on behalf of such party, including but not limited to all past or present employees,

8   agents, servants, investigators, attorneys or other representatives.

9       B.      A request to "DESCRIBE" any oral statement or communication is a request to state:

10

11          1.      The name, present address, and telephone number of each individual making such

12  statement or communication.

13          2.      The name of any principal or employer that such individual was thereby

14  representing and the position in which such individual was then employed or engaged by such principal

15  or employer.

16

17          3.      The name, present address, and telephone number of the individual or individuals

18  to whom the oral statement or communication was made, and the name of any principal or employer

19  that such individual or individuals were representing at the time of and in connection with such oral

20  statement or communication, as well as the employment position in which they were then employed or

21  engaged.

22

23          4.      The names, present addresses, and telephone numbers of any other individuals

24  present when such oral statement or communication was made or who heard or acknowledged hearing

25  the same.

26          5.      The place where such oral statement or communication was made.

27          6.      A brief description of the contents of such oral statement or communication.

28

---

- 3 -

FIRST SET OF INTERROGATORIES                          Case No. 3:13-CV-00143-SI

C.     The term "PERSON" shall include a natural person, partnership, corporation, joint venture, association, or other group however organized.

D.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest sense under the Federal Rules of Civil Procedure and refer to and include all written, printed, typed, recorded, electronic, and graphic matter of every kind, nature and description, both originals and copies, and all attachments and appendices thereto.  "DOCUMENT" also includes drafts and revisions of any of the foregoing, and any exhibits, riders, attachments, supplements, and appendices to the foregoing.

E.     The term "ELECTRONICALLY SAVED INFORMATION" or "ESI" refers to all information of all kinds maintained by electronic data processing systems including all non-identical copies of such information.  ESI includes, but not limited to, computer programs (whether private, commercial or work in progress), programming notes or instructions, and input and/or output used or produced by any software program or utility, including electronic mail messages and all information referencing or relating to such message anywhere on the computer systems, word processing documents and all information stored in connection with such documents, electronic spreadsheet, databases including all records and fields and structural information, charts, graphs and outlines, arrays of information and all other information used or produced by any software, operating systems, password, source code of all types, programming languages, linkers and compilers, peripheral drivers, PIFs, PDFs, GIFs, batch files, any and all ASCII files, and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragments.  The term ESI also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with the information described above.  ESI subject to production includes information stored on both personal and company-issued or owned desktop or laptop computers, PDA (include Blackberries, Treos, Palm Pilots, iPhones and other

FIRST SET OF INTERROGATORIES                                      Case No. 3:13-CV-00143-SI

functional equivalents), cellular phones, databases, hard drives, servers, back-up tapes, archival tapes, voice mail memories, website log files, hard discs, floppy disks, CD-ROMs, and any other means or vehicle or ESI storage and/or transmittal.

      F.      Whenever a request is made to "IDENTIFY" a natural person, it shall mean to supply all of the following information:

          1.      His/her full name.

          2.      His/her employer and position at the time.

          3.      The name of any person or entity (natural or artificial) whom she/he claimed to have represented in connection with the matter to which the interrogatory relates.

          4.      His/her last known address, telephone number, and employer.

          5.      His/her present employer.

      G.      Whenever a request is made to "IDENTIFY" a DOCUMENT, it shall mean to supply all of the following information:

          1.      The identity of the person or agency preparing the DOCUMENT.

          2.      The identity of the person who signed the DOCUMENT or over whose name it was issued.

          3.      The identity of each person to whom the DOCUMENT was addressed or distributed.

          4.      The nature or substance of the DOCUMENT with sufficient particularity to enable it to be identified.

          5.      The DOCUMENT's date, and if it bears no date, the date when it was prepared.

          6.      The DOCUMENT's physical location and the name of its custodian(s).

      G.      A request to "EXPLAIN FULLY" any answer, denial or claim is a request (insofar as

FIRST SET OF INTERROGATORIES           Case No. 3:13-CV-00143-SI

may be applicable) to state fully and specifically each fact and/or contention in support of your answer, denial or claim.

## INTERROGATORIES

Plaintiff hereby requests that Defendant, PATENAUDE & FELIX, APC, respond to the following interrogatories:

**INTERROGATORY NO. 1:**  Please IDENTIFY the individual verifying the responses to these interrogatories by providing all of the following:

    a)     Full name.

    b)     Business address and phone number.

    c)     The position held with Defendant.

    d)     Education and training.

    e)     State how long you have been employed by Defendant.

    f)     State how long you have held your current position with Defendant.

**INTERROGATORY NO. 2:**  Please IDENTIFY and describe any DOCUMENTS used to describe or record YOUR methods and techniques used in the collection of consumer accounts.  Said DOCUMENTS would include, but would not be limited to, collection activity logs.

**INTERROGATORY NO. 3:**  Please list and explain all abbreviations and codes, letters, numerals or symbols regularly used by YOU in YOUR records or collection activities.  YOUR answer should include references to any and all DOCUMENTS which support YOUR answer.

---

FIRST SET OF INTERROGATORIES
    - 6 -    Case No. 3:13-CV-00143-SI

**INTERROGATORY NO. 4:**   Please describe in complete detail, step-by-step, the process which resulted in Exhibit "1" being files with the California Superior Court and served on Plaintiff, beginning with the date and method of transmission of Plaintiff's account information to YOU, the review of Plaintiff's account information, YOUR decision to file a lawsuit, the DOCUMENTS that were reviewed in making the decision to file a lawsuit and the process by which the lawsuit Complaint was drafted and approved for filing with the California Superior Court.   YOUR answer should include references to any and all DOCUMENTS which support your answer.

**INTERROGATORY NO. 5:**   Please state the name, title, address and job description of each director, partner, shareholder, employee, officer, director and manager of Defendant, PATENAUDE & FELIX, APC, who drafted, authorized, approved or was aware of YOUR use of lawsuit complaints in the form represented by Exhibit "1."   YOUR answer should include references to any and all DOCUMENTS which support your answer.

**INTERROGATORY NO. 6:**   Please describe in complete detail the maintenance of all procedures utilized by YOU to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.   YOUR answer should include references to any and all DOCUMENTS which support YOUR answer.

**INTERROGATORY NO. 7:**   Please IDENTIFY all DOCUMENTS which would show YOUR compliance or noncompliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

-7-

FIRST SET OF INTERROGATORIES                                              Case No. 3:13-CV-00143-SI

1   **INTERROGATORY NO. 8:**   Please describe in complete detail the maintenance of all

2   procedures utilized by YOU to avoid violation of the California Rosenthal Fair Debt Collection

3   Practices Act, California Civil Code § 1788.17.   YOUR answer should include references to any and all

4   DOCUMENTS which support YOUR answer.

5

6

7   **INTERROGATORY NO. 9:**   Please IDENTIFY all DOCUMENTS which would show YOUR

8   compliance or noncompliance with the California Rosenthal Fair Debt Collection Practices Act,

9   California Civil Code § 1788.17.   YOUR answer should include references to any and all

10   DOCUMENTS which support YOUR answer.

11

12

13   **INTERROGATORY NO. 10:**   Please IDENTIFY by caption, court, and civil action number,

14   all litigation filed against YOU in the past 3 years alleging violations of the federal Fair Debt Collection

15   practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

16

17

18   **INTERROGATORY NO. 11:**   Please IDENTIFY by caption, court, and civil action number,

19   all litigation filed against YOU in the past 3 years alleging violations of the California Rosenthal Fair

20   Debt Collection Practices Act, California Civil Code § 1788.17.

21

22

23   **INTERROGATORY NO. 12:**   Please state in complete detail the facts upon which YOU rely

24   for each affirmative defense listed in YOUR Answer.   YOUR answer should include references to any

25   and all DOCUMENTS which support YOUR answer.

26

27

28

- 8 -

**INTERROGATORY NO. 13:**   Please IDENTIFY each PERSON you expect to call as a witness at trial in this matter, and state as to each such PERSON:

   a)      name and address;

   b)      the general subject matter on which such person is expected to testify;

   c)      the substance of the facts or opinions to which such person is expected to testify; and

   d)      a summary of the expected testimony.


**INTERROGATORY NO. 14:**   Please IDENTIFY each PERSON who you believe has any knowledge of any of the relevant or material facts in this matter and is not listed in the previous interrogatory, and state as to each such person:

   a)      name and address;

   b)      the subject matter on which such person has knowledge; and

   c)      the substance of the facts to which such person has such knowledge.


**INTERROGATORY NO. 15:**   Please state the names, aliases, job title, home addresses and home telephone numbers, date of initial employment and date of and reason for termination of employment of each of YOUR employees who have left YOUR employ within the last two years.


**INTERROGATORY NO. 16:**   Please itemize with particularity each exhibit YOU may use or intend to use as an exhibit in this matter and specify the present custodian of each exhibit. Your answer should include references to any and all DOCUMENTS which support YOUR answer.

FIRST SET OF INTERROGATORIES                                    Case No. 3:13-CV-00143-SI

**INTERROGATORY NO. 17:** If YOUR answer to any of Plaintiff's First Request for Admissions served simultaneously herewith is other than an unqualified "Admit," please EXPLAIN FULLY why you are unable to answer with an unqualified "Admit." YOUR answer should include references to any and all DOCUMENTS which support YOUR answer.

CONSUMER LAW CENTER, INC.

Dated: April 24, 2013                      By: _____
                                                Fred W. Schwinn, Esq.
                                                Attorney for Plaintiff
                                                ANDY TSOI

**CERTIFICATE OF SERVICE**

The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct copy of the above and foregoing document to be deposited in the United States mail, postage prepaid, addressed to the following:

> Raymond A. Patenaude
> Patenaude & Felix, APC
> 4545 Murphy Canyon Road, 3rd Floor
> San Diego, CA 92123-4363

on this, the 24th day of April, 2013.

_____
Fred W. Schwinn

- 10 -

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
ANDY TSOI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

ANDY TSOI,

                                                            Plaintiff,

        v.

PATENAUDE & FELIX, A PROFESSIONAL
CORPORATION, a California corporation;
MICHAEL R. BOULANGER, individually and
in his official capacity,

                                                            Defendants.

Case No. 3:13-CV-00143-SI

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
PROPOUNDED TO DEFENDANT,
PATENAUDE & FELIX, A
PROFESSIONAL CORPORATION**

TO:     Patenaude & Felix, APC
        c/o Raymond A. Patenaude
        Patenaude & Felix, APC
        4545 Murphy Canyon Road, 3rd Floor
        San Diego, CA  92123-4363

        COMES NOW the Plaintiff and pursuant to Rule 34 of the Federal Rules of Civil Procedure

requests that Defendant, PATENAUDE & FELIX, APC, allow Plaintiff to inspect and copy the

following documents.  Said production to be made at the law offices of the Consumer Law Center, Inc.,

12 South First Street, Suite 1014, San Jose, California  95113-2418, within thirty (30) days of the

service of this request.  In the alternative, copies of these documents may be forwarded to Plaintiff's

counsel prior to the expiration of this time period.

///

## INSTRUCTIONS

A.      You are instructed to produce the originals of the following documents at 12 South First Street, Suite 1014, San Jose, California 95113-2418 within 30 days after service of this request in accord with Fed. R. Civ. P. 34.

B.      Please identify the source of each of the documents you produce and label them to correspond to the categories in this request.

C.      If there are documents not currently in your possession, but which you can obtain from other parties involved in the transaction, (e.g. original creditor, current creditor, prior collection agency, or assignee) such additional documents are included in this request.

D.      If your response to any requests herein is that the documents are not in your possession or custody, describe in detail the unsuccessful efforts you made to locate the records.

E.      If your response to any requests herein is that the documents are not in your control, identify who has control and the location of the records, and provide any documents you have that contain all or part of the information contained in the requested document or category.

F.      If any requested document was, but no longer is in your possession or subject to your control, or has been misplaced, destroyed or discarded, or otherwise disposed of, please so state, and for each such document provide:

        1.      Its date;

        2.      The identity of the person(s) who prepared the document;

        3.      The identity of all persons who participated in preparing the document, to whom the document was sent or who have otherwise seen the document;

        4.      The length of the document;

        5.      The subject matter of the document;

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS                    Case No. 3:13-CV-00143-SI

6.     If misplaced, the last time and place it was seen and a description of efforts made to locate the document;

7.     If disposed of, the date of and reason for disposal, the manner of disposition (e.g., destroyed, transferred to a third party), the reason for disposal, the identity of the person(s) who authorized disposal and the identity of the person who disposed of the document.

G.     If you are declining to produce any document in whole or in part because of a claim of privilege, please:

1.     Identify the subject matter, the type (e.g., letter, memorandum), the date, and the author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees;

2.     Identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing;

3.     State what privilege is claimed;

4.     State the basis upon which the privilege is claimed.

H.     When a document exists as a computer database or spreadsheet file, Plaintiff requests that the file be copied to a disk in one of the following formats in descending order of preference: ODS, QPW or XLS.

I.     When a document exists in a computer disk as a word processing file, Plaintiff requests that the file be copied to a floppy disk in one of the following formats in descending order of preference:  ODT, WPD, DOC or TXT.

J.     The Document Requests are to be considered continuing, and supplemental documents must be submitted by Defendant upon discovering or becoming aware of additional responsive documents.

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS          Case No. 3:13-CV-00143-SI

K.      If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

L.      Unless otherwise stated, the relevant time period is January 1, 2010, to the present.

## DEFINITIONS

A.      The terms "YOU" or "YOUR" shall mean PATENAUDE & FELIX, APC, and all persons acting on behalf of such party, including but not limited to all past or present employees, agents, servants, investigators, attorneys or other representatives.

B.      "DOCUMENT" is used in the broadest possible sense and means, without limitation, any written, printed, typed, digitized, photostated, photographic, computerized, recorded, or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof.  It includes the original and any nonidentical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, and includes every document that is or has been in the possession, control, or custody of Defendant or of which Defendant has knowledge, whether originals or copies.  It includes but is not limited to contracts, notes, memoranda, correspondence, diaries, desk or other calendars, statistics, letters, telegrams, minutes, business records, personal records, account statements, reports, studies, checks, receipts, bills, returns, charts, summaries, pamphlets, books, notations of any sort of conversations, written agreements, bulletins, printed matter, computer printouts, electronic mail, data compilations from which information can be obtained, teletypes, telefax, worksheets, logs, forms, bank statements, books of account, ledgers, or invoices, all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or oral records or representations of any kind, including but not limited to tapes, cassettes, discs, recordings, computer memories, and other information that is recorded electronically, digitally, or by similar means.

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS          Case No. 3:13-CV-00143-SI

C.    The term "ELECTRONICALLY SAVED INFORMATION" or "ESI" refers to all information of all kinds maintained by electronic data processing systems including all non-identical copies of such information.  ESI includes, but not limited to, computer programs (whether private, commercial or work in progress), programming notes or instructions, and input and/or output used or produced by any software program or utility, including electronic mail messages and all information referencing or relating to such message anywhere on the computer systems, word processing documents and all information stored in connection with such documents, electronic spreadsheet, databases including all records and fields and structural information, charts, graphs and outlines, arrays of information and all other information used or produced by any software, operating systems, password, source code of all types, programming languages, linkers and compilers, peripheral drivers, PIFs, PDFs, GIFs, batch files, any and all ASCII files, and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragments.  The term ESI also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with the information described above. ESI subject to production includes information stored on both personal and company-issued or owned desktop or laptop computers, PDA (include Blackberries, Treos, Palm Pilots and other functional equivalents), cellular phones, databases, hard drives, servers, back-up tapes, archival tapes, voice mail memories, website log files, hard discs, floppy disks, CD-ROMs, and any other means or vehicle or ESI storage and/or transmittal.

D.    The term "PERSON" shall include a natural person, partnership, corporation, joint venture, association, or other group however organized.

## REQUESTS TO PRODUCE

IMPORTANT:  All questions containing the terms "DOCUMENT," "ESI," or "PERSON" must

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS          Case No. 3:13-CV-00143-SI

be answered in accordance with the definitions of those terms contained in the attached instructions.

## **REQUESTS FOR PRODUCTION**

1. All DOCUMENTS on which you relied in anyway in preparing answers to Plaintiff's interrogatories served simultaneously herewith.

2. All DOCUMENTS which you specially mention in any answer to Plaintiff's interrogatories served simultaneously herewith.

3. All DOCUMENTS which were specifically mentioned or requested in the text of any of Plaintiff's interrogatories served simultaneously herewith.

4. All DOCUMENTS which you intend to utilize at a trial or hearing in this matter.

5. All DOCUMENTS identified or listed in YOUR Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in this case.

6. All DOCUMENTS relating in any way to the alleged debt of Plaintiff and the collection thereof.

7. An organizational chart for Defendant, PATENAUDE & FELIX, APC.

8. All contracts, agreements, correspondence or other DOCUMENTS between Defendant, PATENAUDE & FELIX, APC, and DISCOVER BANK, regarding Plaintiff or the collection of his debt.

9. Copies of the Complaint for any litigation filed against Defendant, PATENAUDE & FELIX, APC, in the past 3 years alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

10. Copies of the Complaint for any litigation filed against Defendant, PATENAUDE & FELIX, APC, in the past 3 years alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A).

11. Copies of the Complaint for any litigation filed against Defendant, PATENAUDE & FELIX,

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS          Case No. 3:13-CV-00143-SI

APC, in the past 3 years alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10).

12. Copies of the Complaint for any litigation filed against Defendant, PATENAUDE & FELIX, APC, in the past 3 years alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

13. Copies of the Complaint for any litigation filed against Defendant, PATENAUDE & FELIX, APC, in the past 3 years alleging violations of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.17.

14. Any insurance policies covering Defendant, PATENAUDE & FELIX, APC, for violation of the federal Fair Debt Collection Practices Act.

15. Any insurance policies covering Defendant, PATENAUDE & FELIX, APC, for violation of the California Rosenthal Fair Debt Collection Practices Act.

16. All DOCUMENTS in Defendant, PATENAUDE & FELIX, APC's, possession, custody or control sent to or received from DISCOVER BANK, which in any way relate to the debt owed by Plaintiff. Said DOCUMENTS would include, but would not be limited to, outside counsel guidelines, litigation policies, litigation guidelines or similar instructions.

17. All DOCUMENTS in Defendant, PATENAUDE & FELIX, APC's, possession, custody or control sent to or received from Plaintiff which in any way relate to the debt owed by Plaintiff.

18. All operation manuals or similar DOCUMENTS, etc., utilized by Defendant, PATENAUDE & FELIX, APC, relating to its compliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

19. All DOCUMENTS relating to the maintenance of procedures by Defendant, PATENAUDE & FELIX, APC, adapted to avoid any violation of the federal Fair Debt Collection Practices Act,

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS                    Case No. 3:13-CV-00143-SI

15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

20. All operation manuals or similar DOCUMENTS, etc., utilized by Defendant, PATENAUDE & FELIX, APC, relating to its compliance with the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788.17.

21. All DOCUMENTS relating to the maintenance of procedures by Defendant, PATENAUDE & FELIX, APC, adapted to avoid any violation of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788.17.

22. All material, including video and audio tapes, pertaining to training by or for Defendant, PATENAUDE & FELIX, APC, and its employees regarding the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

23. All material, including video and audio tapes, pertaining to training by or for Defendant, PATENAUDE & FELIX, APC, and its employees regarding the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33.

24. A copy of the entire contents of the collection file maintained by Defendant, PATENAUDE & FELIX, APC, pertaining to the collection of the debt owed by Plaintiff to DISCOVER BANK.

25. The transcript for each and every deposition of Defendant, PATENAUDE & FELIX, APC, in which a witness produced pursuant to Fed. R. Civ. P. 30(b)(6), Cal. Code of Civil Procedure § 2025.230, or any other similar statute or rule, testified regarding any bona fide error defense claimed by Defendant, PATENAUDE & FELIX, APC, for claims made under the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

26. The transcript for each and every deposition of Defendant, PATENAUDE & FELIX, APC, in which a witness produced pursuant to Fed. R. Civ. P. 30(b)(6), Cal. Code of Civil Procedure § 2025.230, or any other similar statute or rule, testified regarding any bona fide error defense

claimed by Defendant, PATENAUDE & FELIX, APC, for claims made under the California Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.17.

27. The transcript for each and every deposition in which MICHAEL R. BOULANGER was deposed as an agent, employee, officer or director of Defendant, PATENAUDE & FELIX, APC.

28. A current balance sheet for Defendant, PATENAUDE & FELIX, APC.

29. All financial documents from lawsuits in which Defendant, PATENAUDE & FELIX, APC, has provided financial documents or net worth information.

30. All documents regarding Defendant, PATENAUDE & FELIX, APC, showing its net worth that have been provided to any government agency.

31. All financial statements of Defendant, PATENAUDE & FELIX, APC, for the last three years.

32. All annual reports of Defendant, PATENAUDE & FELIX, APC, for the last three years.

33. All semiannual and quarterly financial statements of Defendant, PATENAUDE & FELIX, APC, for that last three years.

34. All credit applications of Defendant, PATENAUDE & FELIX, APC, for the last three years.

35. All tax returns of Defendant, PATENAUDE & FELIX, APC, for the last three years.

36. Any and all corporate formation documents related to any entity of which Defendant, PATENAUDE & FELIX, APC, is affiliated.

CONSUMER LAW CENTER, INC.

Dated:  April 24, 2013                    By: _____
                                                  Fred W. Schwinn, Esq.
                                                  Attorney for Plaintiff
                                                  ANDY TSOI

- 9 -

## CERTIFICATE OF SERVICE

The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct copy of the above and foregoing document to be deposited in the United States mail, postage prepaid, addressed to the following:

> Raymond A. Patenaude
> Patenaude & Felix, APC
> 4545 Murphy Canyon Road, 3rd Floor
> San Diego, CA 92123-4363

on this, the 24th day of April, 2013.



Fred W. Schwinn

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS                    Case No. 3:13-CV-00143-SI

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
ANDY TSOI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDY TSOI,<br><br>                              Plaintiff,<br><br>     v.<br><br>PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation; MICHAEL R. BOULANGER, individually and in his official capacity,<br><br>                              Defendants. | Case No. 3:13-CV-00143-SI<br><br>**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS PROPOUNDED TO DEFENDANT, MICHAEL R. BOULANGER** |

TO:    Patenaude & Felix, APC
       c/o Raymond A. Patenaude
       Patenaude & Felix, APC
       4545 Murphy Canyon Road, 3rd Floor
       San Diego, CA 92123-4363

COMES NOW the Plaintiff and pursuant to Rule 36 of the Federal Rules of Civil Procedure hereby requests Defendant, MICHAEL R. BOULANGER, make the following admissions under oath and within thirty (30) days from the service of this request, for the purpose of this action only, and subject to all objections as to admissibility which may be interposed at the trial, as to the genuineness of the following described documents and/or truth of the following facts, all as hereinafter set out.

Notice is also given that each matter of which an admission is requested is admitted unless within the time specified after service of the request or within such shorter or longer time as the Court

FIRST REQUEST FOR ADMISSIONS                               Case No. 3:13-CV-00143-SI

may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his/her attorney. If objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter, or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his/her answer to deny only a part of the matter of which an admission is requested, that party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless s/he states that s/he has made reasonable inquiry and that the information known or readily obtainable by him/her is insufficient to enable him/her to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; s/he may, subject to the provision of Rule 37(c) of the Federal Rule of Civil Procedure, deny the matter or set forth reasons why he cannot admit or deny it.

Any admission made by a party is for the purpose of this action only and is not an admission by him/her for any other purpose and may not be used against him/her in any other proceeding.

Notice is also given that under the provisions of Rule 37(c)(2) of the Federal Rule of Civil Procedure if a party fails to admit the genuineness of any documents or the truth of any matter, as requested under Rule 36 of the Federal Rules of Civil Procedure, and if the party requesting the admission thereafter proves the genuineness of the document or the truth of the matter, that party may apply to the Court for an order requiring the other party to pay the reasonable expenses incurred in making such proof, including a reasonable attorney fee.

Unless otherwise specified in a particular paragraph, provide the admissions requested for the time period January 1, 2010, through the present.

FIRST REQUEST FOR ADMISSIONS                                    Case No. 3:13-CV-00143-SI

**DEFINITIONS**

As used herein, the terms listed below are defined as follows:

A. The term "Complaint" refers to Plaintiff's Complaint in the above styled action.

B. The term "Answer" refers to Defendant's First Amended Answers in the above styled action.

C. The terms "person" or "persons" shall mean all entities, including but not limited to individuals, groups or associations however formed.

D. The term "you" refers to Defendant, MICHAEL R. BOULANGER, including all past and current employees and agents of this Defendant, and any individual over which this Defendant exercises the power to control and direct.

E. The term "the debt" refers to the obligation alleged to be owed to Discover Bank, which you were attempting to collect from Plaintiff.

**ADMISSIONS REQUESTED**

1. Plaintiff, ANDY TSOI, is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

2. The principal business of Defendant, MICHAEL R. BOULANGER, is the collection of consumer debts owed or alleged to be owed to another.

3. Defendant, MICHAEL R. BOULANGER, regularly collects or attempts to collect consumer debts on behalf of his clients.

4. Defendant, MICHAEL R. BOULANGER, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

5. The financial obligation alleged to be owed to DISCOVER BANK, by Plaintiff was incurred primarily for personal purposes.

6. The financial obligation alleged to be owed to DISCOVER BANK, by Plaintiff was incurred primarily for family purposes.

FIRST REQUEST FOR ADMISSIONS                              Case No. 3:13-CV-00143-SI

7.  The financial obligation alleged to be owed to DISCOVER BANK, by Plaintiff was incurred primarily for household purposes.

8.  The financial obligation alleged to be owed to DISCOVER BANK, by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9.  The document Bates numbered 100004 - 100004 attached hereto is a true and correct copy of the original.

10. The document Bates numbered 100002 - 100004 attached hereto is genuine.

11. The document Bates numbered 100002 - 100004 attached hereto is admissible at trial without objection.

12. The document Bates numbered 100153 attached hereto is a true and correct copy of the original.

13. The document Bates numbered 100153 attached hereto is genuine.

14. The document Bates numbered 100153 attached hereto is admissible at trial without objection.

15. The document Bates numbered 100157 - 100166 attached hereto is a true and correct copy of the original.

16. The document Bates numbered 100157 - 100166 attached hereto is genuine.

17. The document Bates numbered 100157 - 100166 attached hereto is admissible at trial without objection.

18. DISCOVER BANK is organized under the laws of the State of Delaware.

19. The principal business address of DISCOVER BANK, is 502 East Market Street, Greenwood, Delaware 19950.

20. DISCOVER BANK assigned account number 6011-0006-1028-5375 to ANDY TSOI's account.

21. The last payment received by DISCOVER BANK on account number 6011-0006-1028-5375 was on January 29, 2009.

- 4 -

FIRST REQUEST FOR ADMISSIONS                    Case No. 3:13-CV-00143-SI

22. DISCOVER BANK received no payment on account 6011-0006-1028-5375 after January 29, 2009.

23. No charges were made by ANDY TSOI on account 6011-0006-1028-5375 after April 8, 2009.

24. DISCOVER BANK received no payment on account 6011-0006-1028-5375 after April 8, 2009.

25. The last item on DISCOVER BANK account 6011-0006-1028-5375 was prior to April 8, 2009.

26. DISCOVER BANK account number 6011-0006-1028-5375 was governed by the Cardmember Agreement attached hereto as document Bates numbered 100157 – 100166.

CONSUMER LAW CENTER, INC.

Dated:  April 24, 2013         By: _____

Fred W. Schwinn, Esq.
Attorney for Plaintiff
ANDY TSOI

## CERTIFICATE OF SERVICE

The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct copy of the above and foregoing document to be deposited in the United States mail, postage prepaid, addressed to the following:

Raymond A. Patenaude
Patenaude & Felix, APC
4545 Murphy Canyon Road, 3rd Floor
San Diego, CA 92123-4363

on this, the 24th day of April, 2013.

_____
Fred W. Schwinn

- 5 -

FIRST REQUEST FOR ADMISSIONS                    Case No. 3:13-CV-00143-SI

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
ANDY TSOI

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDY TSOI,<br><br>                       Plaintiff,<br><br>   v.<br><br>PATENAUDE & FELIX, A PROFESSIONAL<br>CORPORATION, a California corporation;<br>MICHAEL R. BOULANGER, individually and<br>in his official capacity,<br><br>                      Defendants. | Case No. 3:13-CV-00143-SI<br><br>**PLAINTIFF'S FIRST SET OF<br>INTERROGATORIES PROPOUNDED TO<br>DEFENDANT, MICHAEL R.<br>BOULANGER** |

TO:    Michael R. Boulanger
           c/o Raymond A. Patenaude
           Patenaude & Felix, APC
           4545 Murphy Canyon Road, 3rd Floor
           San Diego, CA 92123-4363

COMES NOW the Plaintiff and pursuant to Rule 33 of the Federal Rules of Civil Procedure

propounds the following interrogatories to Defendant, MICHAEL R. BOULANGER, to be answered

fully and under oath within thirty (30) days of service hereof.

### INSTRUCTIONS

A.    Defendant is hereby required to answer in writing, under oath within 30 days in

accordance with Rule 33 of the Federal Rules of Civil Procedure, the Interrogatories attached hereto.

B.    In answering the Interrogatories, furnish all information in the possession of you, your

---

- 1 -

agents, your employees, your attorneys, and investigators for your attorneys.

C.    If you are currently without information necessary to respond to any Interrogatory or Document Request, such Interrogatory or Document Request shall be deemed to require a reasonable investigation.

D.    If you cannot answer an Interrogatory in full after exercising due diligence to secure the information to do so, state the answer to the extent possible, specifying your inability to answer the remainder, setting forth the facts surrounding your investigation, describing whatever information or knowledge you have concerning the unanswered portion, and identifying who else might have the information sought.

E.    If you withhold any requested information on the basis of privilege, please so state, and for each such request or document provide:

(1)    The nature of the privilege(s) claimed;

(2)    The form in which the information exists and the person(s) who has knowledge of it;

(3)    The general subject matter of the material.

F.    When an Interrogatory requests data that can be provided as a computer database or spreadsheet file, Plaintiff requests that the file be copied to a disk in one of the following formats in descending order of preference: PDF, ODF or TIFF.

G.    The plural of any word shall include the singular form of that word and vice versa.

H.    The masculine form of a word shall include the feminine form of that word and vice versa.

I.    These Interrogatories are to be considered continuing, and supplemental answers must be filed by Defendant upon discovering or becoming aware of information rendering prior answers or any

FIRST SET OF INTERROGATORIES                    Case No. 3:13-CV-00143-SI

part thereof inaccurate, incomplete or untrue.

     J.     Please sign the verification and mailing certificate attached to your Answers.

     K.    Unless otherwise stated, the relevant time period is January 1, 2010, to the present.

## DEFINITIONS

     A.    The terms "YOU" or "YOUR" shall mean MICHAEL R. BOULANGER and all persons acting on behalf of such party, including but not limited to all past or present employees, agents, servants, investigators, attorneys or other representatives.

     B.    A request to "DESCRIBE" any oral statement or communication is a request to state:

     1.    The name, present address, and telephone number of each individual making such statement or communication.

     2.    The name of any principal or employer that such individual was thereby representing and the position in which such individual was then employed or engaged by such principal or employer.

     3.    The name, present address, and telephone number of the individual or individuals to whom the oral statement or communication was made, and the name of any principal or employer that such individual or individuals were representing at the time of and in connection with such oral statement or communication, as well as the employment position in which they were then employed or engaged.

     4.    The names, present addresses, and telephone numbers of any other individuals present when such oral statement or communication was made or who heard or acknowledged hearing the same.

     5.    The place where such oral statement or communication was made.

     6.    A brief description of the contents of such oral statement or communication.

- 3 -

FIRST SET OF INTERROGATORIES             Case No. 3:13-CV-00143-SI

C.     The term "PERSON" shall include a natural person, partnership, corporation, joint venture, association, or other group however organized.

D.     The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest sense under the Federal Rules of Civil Procedure and refer to and include all written, printed, typed, recorded, electronic, and graphic matter of every kind, nature and description, both originals and copies, and all attachments and appendices thereto.  "DOCUMENT" also includes drafts and revisions of any of the foregoing, and any exhibits, riders, attachments, supplements, and appendices to the foregoing.

E.     The term "ELECTRONICALLY SAVED INFORMATION" or "ESI" refers to all information of all kinds maintained by electronic data processing systems including all non-identical copies of such information.  ESI includes, but not limited to, computer programs (whether private, commercial or work in progress), programming notes or instructions, and input and/or output used or produced by any software program or utility, including electronic mail messages and all information referencing or relating to such message anywhere on the computer systems, word processing documents and all information stored in connection with such documents, electronic spreadsheet, databases including all records and fields and structural information, charts, graphs and outlines, arrays of information and all other information used or produced by any software, operating systems, password, source code of all types, programming languages, linkers and compilers, peripheral drivers, PIFs, PDFs, GIFs, batch files, any and all ASCII files, and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragments.  The term ESI also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with the information described above.  ESI subject to production includes information stored on both personal and company-issued or owned desktop or laptop computers, PDA (include Blackberries, Treos, Palm Pilots, iPhones and other

FIRST SET OF INTERROGATORIES                    Case No. 3:13-CV-00143-SI

functional equivalents), cellular phones, databases, hard drives, servers, back-up tapes, archival tapes, voice mail memories, website log files, hard discs, floppy disks, CD-ROMs, and any other means or vehicle or ESI storage and/or transmittal.

F.    Whenever a request is made to "IDENTIFY" a natural person, it shall mean to supply all of the following information:

1.    His/her full name.

2.    His/her employer and position at the time.

3.    The name of any person or entity (natural or artificial) whom she/he claimed to have represented in connection with the matter to which the interrogatory relates.

4.    His/her last known address, telephone number, and employer.

5.    His/her present employer.

G.    Whenever a request is made to "IDENTIFY" a DOCUMENT, it shall mean to supply all of the following information:

1.    The identity of the person or agency preparing the DOCUMENT.

2.    The identity of the person who signed the DOCUMENT or over whose name it was issued.

3.    The identity of each person to whom the DOCUMENT was addressed or distributed.

4.    The nature or substance of the DOCUMENT with sufficient particularity to enable it to be identified.

5.    The DOCUMENT's date, and if it bears no date, the date when it was prepared.

6.    The DOCUMENT's physical location and the name of its custodian(s).

G.    A request to "EXPLAIN FULLY" any answer, denial or claim is a request (insofar as

- 5 -

FIRST SET OF INTERROGATORIES                    Case No. 3:13-CV-00143-SI

1    may be applicable) to state fully and specifically each fact and/or contention in support of your answer,

2    denial or claim.

### INTERROGATORIES

     Plaintiff hereby requests that Defendant, MICHAEL R. BOULANGER, respond to the

following interrogatories:

     **INTERROGATORY NO. 1:** Please describe in complete detail, step-by-step, the process which resulted in Exhibit "1" being filed with the California Superior Court and served on Plaintiff, beginning with the date and method of transmission of Plaintiff's account information to YOU, the review of Plaintiff's account information, YOUR decision to file a lawsuit, the DOCUMENTS that were reviewed in making the decision to file a lawsuit and the process by which the lawsuit Complaint was drafted and approved for filing with the California Superior Court. YOUR answer should include references to any and all DOCUMENTS which support your answer.

     **INTERROGATORY NO. 2:** Please describe in complete detail the maintenance of all procedures utilized by YOU to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f. YOUR answer should include references to any and all DOCUMENTS which support YOUR answer.

     **INTERROGATORY NO. 3:** Please IDENTIFY all DOCUMENTS which would show YOUR compliance or noncompliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

-6-

FIRST SET OF INTERROGATORIES            Case No. 3:13-CV-00143-SI

**INTERROGATORY NO. 4:**  Please IDENTIFY by caption, court, and civil action number, all litigation filed against YOU in the past 3 years alleging violations of the federal Fair Debt Collection practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

**INTERROGATORY NO. 5:**  Please describe in complete detail the process by which YOUR facsimile signature is affixed to pleadings, discovery, letters or other DOCUMENTS.

**INTERROGATORY NO. 6:**  Please state the number of lawsuit Complaints filed by YOU in each of the following months:

a)  November 2011;

b)  December 2011;

c)  January 2012;

d)  February 2012;

e)  March 2012;

f)  April 2012;

g)  May 2012;

h)  June 2012;

i)  July 2012;

j)  August 2012;

k)  September 2012; and

l)  October 2012.

- 7 -

FIRST SET OF INTERROGATORIES

Case No. 3:13-CV-00143-SI

**INTERROGATORY NO. 7:**  Please state in complete detail the facts upon which YOU rely for each affirmative defense listed in YOUR Answer.  YOUR answer should include references to any and all DOCUMENTS which support YOUR answer.

**INTERROGATORY NO. 8:**  Please IDENTIFY each PERSON you expect to call as a witness at trial in this matter, and state as to each such PERSON:

    a)  name and address;

    b)  the general subject matter on which such person is expected to testify;

    c)  the substance of the facts or opinions to which such person is expected to testify; and

    d)  a summary of the expected testimony.

**INTERROGATORY NO. 9:**  Please IDENTIFY each PERSON who you believe has any knowledge of any of the relevant or material facts in this matter and is not listed in the previous interrogatory, and state as to each such person:

    a)  name and address;

    b)  the subject matter on which such person has knowledge; and

    c)  the substance of the facts to which such person has such knowledge.

**INTERROGATORY NO. 10:**  Please itemize with particularity each exhibit YOU may use or intend to use as an exhibit in this matter and specify the present custodian of each exhibit. Your answer should include references to any and all DOCUMENTS which support YOUR answer.

FIRST SET OF INTERROGATORIES                       Case No. 3:13-CV-00143-SI

**INTERROGATORY NO. 11:**  If YOUR answer to any of Plaintiff's First Request for Admissions served simultaneously herewith is other than an unqualified "Admit," please EXPLAIN FULLY why you are unable to answer with an unqualified "Admit."  YOUR answer should include references to any and all DOCUMENTS which support YOUR answer.

CONSUMER LAW CENTER, INC.

Dated: _April 24, 2013_          By: _____
Fred W. Schwinn, Esq.<br>Attorney for Plaintiff<br>ANDY TSOI

### CERTIFICATE OF SERVICE

The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct copy of the above and foregoing document to be deposited in the United States mail, postage prepaid, addressed to the following:

> Raymond A. Patenaude
> Patenaude & Felix, APC
> 4545 Murphy Canyon Road, 3rd Floor
> San Diego, CA  92123-4363

on this, the 24th day of April, 2013.



Fred W. Schwinn

FIRST SET OF INTERROGATORIES                    Case No. 3:13-CV-00143-SI

1   Fred W. Schwinn (SBN 225575)
    Raeon R. Roulston  (SBN 255622)
2   CONSUMER LAW CENTER, INC.
    12 South First Street, Suite 1014
3   San Jose, California  95113-2418
    Telephone Number: (408) 294-6100
4   Facsimile Number: (408) 294-6190
    Email Address: fred.schwinn@sjconsumerlaw.com
5

6   Attorney for Plaintiff
    ANDY TSOI
7

8          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                  SAN JOSE DIVISION

10  ANDY TSOI,                    Case No. 3:13-CV-00143-SI
11
                  Plaintiff,    **PLAINTIFF'S FIRST REQUEST FOR**
12      v.                    **PRODUCTION OF DOCUMENTS**
                         **PROPOUNDED TO DEFENDANT,**
13  PATENAUDE & FELIX, A PROFESSIONAL  **MICHAEL R. BOULANGER**
    CORPORATION, a California corporation;
14  MICHAEL R. BOULANGER, individually and
    in his official capacity,
15

16                 Defendants.
17

18      TO:    Michael R. Boulanger
            c/o Raymond A. Patenaude
19             Patenaude & Felix, APC
             4545 Murphy Canyon Road, 3rd Floor
20            San Diego, CA  92123-4363

21        COMES NOW the Plaintiff and pursuant to Rule 34 of the Federal Rules of Civil Procedure

22  requests that Defendant, MICHAEL R. BOULANGER, allow Plaintiff to inspect and copy the

23  following documents.  Said production to be made at the law offices of the Consumer Law Center, Inc.,

24  12 South First Street, Suite 1014, San Jose, California  95113-2418, within thirty (30) days of the

25  service of this request.  In the alternative, copies of these documents may be forwarded to Plaintiff's

26  counsel prior to the expiration of this time period.

27

28  ///

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS        Case No. 3:13-CV-00143-SI

## INSTRUCTIONS

A.     You are instructed to produce the originals of the following documents at 12 South First Street, Suite 1014, San Jose, California   95113-2418 within 30 days after service of this request in accord with Fed. R. Civ. P. 34.

B.     Please identify the source of each of the documents you produce and label them to correspond to the categories in this request.

C.     If there are documents not currently in your possession, but which you can obtain from other parties involved in the transaction, (e.g. original creditor, current creditor, prior collection agency, or assignee) such additional documents are included in this request.

D.     If your response to any requests herein is that the documents are not in your possession or custody, describe in detail the unsuccessful efforts you made to locate the records.

E.     If your response to any requests herein is that the documents are not in your control, identify who has control and the location of the records, and provide any documents you have that contain all or part of the information contained in the requested document or category.

F.     If any requested document was, but no longer is in your possession or subject to your control, or has been misplaced, destroyed or discarded, or otherwise disposed of, please so state, and for each such document provide:

      1.     Its date;

      2.     The identity of the person(s) who prepared the document;

      3.     The identity of all persons who participated in preparing the document, to whom the document was sent or who have otherwise seen the document;

      4.     The length of the document;

      5.     The subject matter of the document;

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS                    Case No. 3:13-CV-00143-SI

6.      If misplaced, the last time and place it was seen and a description of efforts made to locate the document;

7.      If disposed of, the date of and reason for disposal, the manner of disposition (e.g., destroyed, transferred to a third party), the reason for disposal, the identity of the person(s) who authorized disposal and the identity of the person who disposed of the document.

G.      If you are declining to produce any document in whole or in part because of a claim of privilege, please:

1.      Identify the subject matter, the type (e.g., letter, memorandum), the date, and the author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees;

2.      Identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing;

3.      State what privilege is claimed;

4.      State the basis upon which the privilege is claimed.

H.      When a document exists as a computer database or spreadsheet file, Plaintiff requests that the file be copied to a disk in one of the following formats in descending order of preference: ODS, QPW or XLS.

I.      When a document exists in a computer disk as a word processing file, Plaintiff requests that the file be copied to a floppy disk in one of the following formats in descending order of preference:  ODT, WPD, DOC or TXT.

J.      The Document Requests are to be considered continuing, and supplemental documents must be submitted by Defendant upon discovering or becoming aware of additional responsive documents.

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS          Case No. 3:13-CV-00143-SI

K.     If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

L.     Unless otherwise stated, the relevant time period is January 1, 2010, to the present.

## DEFINITIONS

A.     The terms "YOU" or "YOUR" shall mean MICHAEL R. BOULANGER and all persons acting on behalf of such party, including but not limited to all past or present employees, agents, servants, investigators, attorneys or other representatives.

B.     "DOCUMENT" is used in the broadest possible sense and means, without limitation, any written, printed, typed, digitized, photostated, photographic, computerized, recorded, or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof.  It includes the original and any nonidentical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise, and includes every document that is or has been in the possession, control, or custody of Defendant or of which Defendant has knowledge, whether originals or copies.  It includes but is not limited to contracts, notes, memoranda, correspondence, diaries, desk or other calendars, statistics, letters, telegrams, minutes, business records, personal records, account statements, reports, studies, checks, receipts, bills, returns, charts, summaries, pamphlets, books, notations of any sort of conversations, written agreements, bulletins, printed matter, computer printouts, electronic mail, data compilations from which information can be obtained, teletypes, telefax, worksheets, logs, forms, bank statements, books of account, ledgers, or invoices, all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or oral records or representations of any kind, including but not limited to tapes, cassettes, discs, recordings, computer memories, and other information that is recorded electronically, digitally, or by similar means.

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS          Case No. 3:13-CV-00143-SI

C.     The term "ELECTRONICALLY SAVED INFORMATION" or "ESI" refers to all information of all kinds maintained by electronic data processing systems including all non-identical copies of such information.  ESI includes, but not limited to, computer programs (whether private, commercial or work in progress), programming notes or instructions, and input and/or output used or produced by any software program or utility, including electronic mail messages and all information referencing or relating to such message anywhere on the computer systems, word processing documents and all information stored in connection with such documents, electronic spreadsheet, databases including all records and fields and structural information, charts, graphs and outlines, arrays of information and all other information used or produced by any software, operating systems, password, source code of all types, programming languages, linkers and compilers, peripheral drivers, PIFs, PDFs, GIFs, batch files, any and all ASCII files, and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said ESI consists in an active file, deleted file or file fragments.  The term ESI also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with the information described above. ESI subject to production includes information stored on both personal and company-issued or owned desktop or laptop computers, PDA (include Blackberries, Treos, Palm Pilots and other functional equivalents), cellular phones, databases, hard drives, servers, back-up tapes, archival tapes, voice mail memories, website log files, hard discs, floppy disks, CD-ROMs, and any other means or vehicle or ESI storage and/or transmittal.

D.     The term "PERSON" shall include a natural person, partnership, corporation, joint venture, association, or other group however organized.

## REQUESTS TO PRODUCE

IMPORTANT:  All questions containing the terms "DOCUMENT," "ESI," or "PERSON" must

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS          Case No. 3:13-CV-00143-SI

be answered in accordance with the definitions of those terms contained in the attached instructions.

## REQUESTS FOR PRODUCTION

1. All DOCUMENTS on which you relied in anyway in preparing answers to Plaintiff's interrogatories served simultaneously herewith.

2. All DOCUMENTS which you specially mention in any answer to Plaintiff's interrogatories served simultaneously herewith.

3. All DOCUMENTS which were specifically mentioned or requested in the text of any of Plaintiff's interrogatories served simultaneously herewith.

4. All DOCUMENTS which you intend to utilize at a trial or hearing in this matter.

5. All DOCUMENTS identified or listed in YOUR Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in this case.

6. All DOCUMENTS relating in any way to the alleged debt of Plaintiff and the collection thereof.

7. All contracts, agreements, correspondence or other DOCUMENTS between YOU and Defendant, PATENAUDE & FELIX, APC, regarding Plaintiff or the collection of his debt.

8. All contracts, agreements, correspondence or other DOCUMENTS between YOU and DISCOVER BANK, regarding Plaintiff or the collection of his debt.

9. Copies of the Complaint for any litigation filed against YOU in the past 3 years alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

10. Copies of the Complaint for any litigation filed against YOU in the past 3 years alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A).

11. Copies of the Complaint for any litigation filed against YOU in the past 3 years alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10).

12. Copies of the Complaint for any litigation filed against YOU in the past 3 years alleging

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS          Case No. 3:13-CV-00143-SI

1   violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692f.

2   13. Any insurance policies covering YOU for violation of the federal Fair Debt Collection Practices Act.

14. All DOCUMENTS in YOUR possession, custody or control sent to or received from DISCOVER BANK, which in any way relate to the debt owed by Plaintiff.   Said DOCUMENTS would include, but would not be limited to, outside counsel guidelines, litigation policies, litigation guidelines or similar instructions.

15. All DOCUMENTS in YOUR possession, custody or control sent to or received from Plaintiff which in any way relate to the debt owed by Plaintiff.

16. All operation manuals or similar DOCUMENTS, etc., utilized by YOU relating to YOUR compliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

17. All DOCUMENTS relating to the maintenance of procedures by YOU adapted to avoid any violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

18. A copy of the entire contents of the collection file maintained by YOU pertaining to the collection of the debt owed by Plaintiff to DISCOVER BANK.

19. The transcript for each and every deposition in which YOU were deposed as an agent, employee, officer or director of Defendant, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION.

20. All YOUR tax returns for the last three years.

///

///

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS          Case No. 3:13-CV-00143-SI

1     CONSUMER LAW CENTER, INC.

2

3     Dated:  April 24, 2013          By: _____
                                           Fred W. Schwinn, Esq.
4                                          Attorney for Plaintiff
                                           ANDY TSOI
5

6                        **CERTIFICATE OF SERVICE**

7
          The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct copy of
8
9     the above and foregoing document to be deposited in the United States mail, postage prepaid, addressed

10    to the following:

11        Raymond A. Patenaude
          Patenaude & Felix, APC
12        4545 Murphy Canyon Road, 3rd Floor
          San Diego, CA  92123-4363
13

14    on this, the 24th day of April, 2013.

15                                     _____
                                           Fred W. Schwinn
16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS          Case No. 3:13-CV-00143-SI

1  Fred W. Schwinn (SBN 225575)
   Raeon R. Roulston  (SBN 255622)
2  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
3  San Jose, California  95113-2418
   Telephone Number: (408) 294-6100
4  Facsimile Number: (408) 294-6190
   Email Address: fred.schwinn@sjconsumerlaw.com
5
6  Attorney for Plaintiff
   ANDY TSOI
7

8

9              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                   SAN FRANCOSCO DIVISION

11 ANDY TSOI,                          Case No. 3:13-CV-00143-SI

12                    Plaintiff,       **PLAINTIFF'S FIRST REQUEST FOR**
                                       **ADMISSIONS PROPOUNDED TO**
13      v.                             **DEFENDANT, PATENAUDE & FELIX, A**
                                       **PROFESSIONAL CORPORATION**
14 PATENAUDE & FELIX, A PROFESSIONAL
   CORPORATION, a California corporation;
15 MICHAEL R. BOULANGER, individually and
   in his official capacity,
16

17                    Defendants.

18      TO:    Patenaude & Felix, APC
              c/o Raymond A. Patenaude
19            Patenaude & Felix, APC
              4545 Murphy Canyon Road, 3rd Floor
20            San Diego, CA  92123-4363
21

22      COMES NOW the Plaintiff and pursuant to Rule 36 of the Federal Rules of Civil Procedure

23 hereby requests Defendant, PATENAUDE & FELIX, APC, make the following admissions under oath

24 and within thirty (30) days from the service of this request, for the purpose of this action only, and

25 subject to all objections as to admissibility which may be interposed at the trial, as to the genuineness of

26 the following described documents and/or truth of the following facts, all as hereinafter set out.

27      Notice is also given that each matter of which an admission is requested is admitted unless

28

FIRST REQUEST FOR ADMISSIONS                    Case No. 3:13-CV-00143-SI

within the time specified after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his/her attorney. If objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter, or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his/her answer to deny only a part of the matter of which an admission is requested, that party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless s/he states that s/he has made reasonable inquiry and that the information known or readily obtainable by him/her is insufficient to enable him/her to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; s/he may, subject to the provision of Rule 37(c) of the Federal Rule of Civil Procedure, deny the matter or set forth reasons why he cannot admit or deny it.

Any admission made by a party is for the purpose of this action only and is not an admission by him/her for any other purpose and may not be used against him/her in any other proceeding.

Notice is also given that under the provisions of Rule 37(c)(2) of the Federal Rule of Civil Procedure if a party fails to admit the genuineness of any documents or the truth of any matter, as requested under Rule 36 of the Federal Rules of Civil Procedure, and if the party requesting the admission thereafter proves the genuineness of the document or the truth of the matter, that party may apply to the Court for an order requiring the other party to pay the reasonable expenses incurred in making such proof, including a reasonable attorney fee.

Unless otherwise specified in a particular paragraph, provide the admissions requested for the

FIRST REQUEST FOR ADMISSIONS                                Case No. 3:13-CV-00143-SI

time period January 1, 2010, through the present.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

A. The term "Complaint" refers to Plaintiff's Complaint in the above styled action.

B. The term "Answer" refers to Defendant's First Amended Answers in the above styled action.

C. The terms "person" or "persons" shall mean all entities, including but not limited to individuals, groups or associations however formed.

D. The term "you" refers to Defendant, PATENAUDE & FELIX, APC, including all past and current employees and agents of this Defendant, and any individual over which this Defendant exercises the power to control and direct.

E. The term "the debt" refers to the obligation alleged to be owed to DISCOVER BANK, which you were attempting to collect from Plaintiff.

## ADMISSIONS REQUESTED

1. Plaintiff, ANDY TSOI, is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

2. Plaintiff, ANDY TSOI, is a "debtor" within the meaning of California Civil Code § 1788.2(h).

3. The principal business of Defendant, PATENAUDE & FELIX, APC, is the collection of consumer debts owed or alleged to be owed to another.

4. Defendant, PATENAUDE & FELIX, APC, regularly collects or attempts to collect consumer debts on behalf of its clients.

5. Defendant, PATENAUDE & FELIX, APC, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

6. Defendant, PATENAUDE & FELIX, APC, is a "debt collector" within the meaning of California Civil Code § 1788.2(c).

- 3 -

7.  The financial obligation alleged to be owed to DISCOVER BANK, by Plaintiff was incurred primarily for personal purposes.

8.  The financial obligation alleged to be owed to DISCOVER BANK, by Plaintiff was incurred primarily for family purposes.

9.  The financial obligation alleged to be owed to DISCOVER BANK, by Plaintiff was incurred primarily for household purposes.

10. The financial obligation alleged to be owed to DISCOVER BANK, by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. The financial obligation alleged to be owed to DISCOVER BANK, by Plaintiff is a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

12. The document Bates numbered 100004 - 100004 attached hereto is a true and correct copy of the original.

13. The document Bates numbered 100002 - 100004 attached hereto is genuine.

14. The document Bates numbered 100002 - 100004 attached hereto is admissible at trial without objection.

15. The document Bates numbered 100153 attached hereto is a true and correct copy of the original.

16. The document Bates numbered 100153 attached hereto is genuine.

17. The document Bates numbered 100153 attached hereto is admissible at trial without objection.

18. The document Bates numbered 100157 - 100166 attached hereto is a true and correct copy of the original.

19. The document Bates numbered 100157 - 100166 attached hereto is genuine.

20. The document Bates numbered 100157 - 100166 attached hereto is admissible at trial without objection.

- 4 -

21. DISCOVER BANK is organized under the laws of the State of Delaware.

22. The principal business address of DISCOVER BANK, is 502 East Market Street, Greenwood, Delaware 19950.

23. DISCOVER BANK assigned account number 6011-0006-1028-5375 to ANDY TSOI's account.

24. The last payment received by DISCOVER BANK on account number 6011-0006-1028-5375 was on January 29, 2009.

25. DISCOVER BANK received no payment on account 6011-0006-1028-5375 after January 29, 2009.

26. No charges were made by ANDY TSOI on account 6011-0006-1028-5375 after April 8, 2009.

27. DISCOVER BANK received no payment on account 6011-0006-1028-5375 after April 8, 2009.

28. The last item on DISCOVER BANK account 6011-0006-1028-5375 was prior to April 8, 2009.

29. DISCOVER BANK account number 6011-0006-1028-5375 was governed by the Cardmember Agreement attached hereto as document Bates numbered 100157 – 100166.

CONSUMER LAW CENTER, INC.

Dated:  April 24, 2013                    By:  _____
                                                    Fred W. Schwinn, Esq.
                                                    Attorney for Plaintiff
                                                    ANDY TSOI

FIRST REQUEST FOR ADMISSIONS                    Case No. 3:13-CV-00143-SI

1

## CERTIFICATE OF SERVICE

2

The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct copy of

3

the above and foregoing document to be deposited in the United States mail, postage prepaid, addressed

4

to the following:

5

6          Raymond A. Patenaude
           Patenaude & Felix, APC
7          4545 Murphy Canyon Road, 3rd Floor
           San Diego, CA  92123-4363
8



9   on this, the 24ᵗʰ day of April, 2013.

10                                                    Fred W. Schwinn

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST REQUEST FOR ADMISSIONS                                    Case No. 3:13-CV-00143-SI