IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY TSOI, | No. C 13-143 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND DENYING SEPARATE BILL OF COSTS AS DUPLICATIVE** |
| v. | |
| PATENAUDE & FELIX, *et al.*, | |
| Defendants. | |

Now before the Court is plaintiff's motion for attorney's fees and costs. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART. The Court also DENIES the separately-filed bill of costs as duplicative of costs awarded herein. Docket Nos. 43 and 44.

## BACKGROUND

In January 2013, plaintiff Andy Tsoi brought this case against defendants Patenaude & Felix and Michael Boulanger alleging that they violated his rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1992o, and the California equivalent of the FDCPA, known as the Robbins-Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788-1788.32. Patenaude & Felix is a professional law corporation, and Mr. Boulanger is an attorney with that firm. Compl. ¶¶ 9-10. The complaint alleges that plaintiff incurred a financial obligation, namely a consumer credit account issued by Discover Bank. *Id.* ¶ 12. The debt was transferred to defendants, who then filed a debt collection action against plaintiff in state court, *Discover Bank v. Andy Tsoi*, Case No. 1-12-CV-222379 (Santa Clara Sup. Ct.). *Id.* ¶ 14.[1] The complaint here alleges that the state court

---

[1] Mr. Tsoi's lawyers in the state court action also represented him in this case. In the state case, Mr. Tsoi filed a cross-complaint against Discover Bank alleging violations of the Rosenthal Act. Discover and Mr. Tsoi settled the state court case. The release did not cover the defendants in this federal action.

action sought to recover a time-barred debt, and that the state court complaint "misrepresented the character, amount and legal status of the debt." *Id*. ¶¶ 23-24.

In March 2013, defendants answered the federal complaint and in April, 2013, plaintiff filed a motion to strike numerous affirmative defenses asserted by defendants. The Court held a case management conference in May 2013, after which plaintiff withdrew the motion to strike and defendants filed amended answers that asserted some, but not all, of the affirmative defenses at issue in the motion to strike. Defendants served a Rule 68 offer of judgment the day before the parties were scheduled for a mediation, and plaintiff accepted the offer. The Rule 68 offer provided that plaintiff would receive $1,001 inclusive of actual and statutory damages, plus reasonable attorney's fees and costs, if any. Docket No. 39.

On September 19, 2013, the Court entered judgment. Now before the Court is plaintiff's motion for attorney's fees and costs pursuant to the FDCPA.

## LEGAL STANDARD

The FDCPA directs a court to award attorney's fees to a prevailing consumer. 15 U.S.C. 1692k(a)(3). The Ninth Circuit has held that "the FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted). Courts calculate an award of attorney's fees under the FDCPA using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id*. "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp*., 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001).

"The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Camacho*, 523 F.3d at 980 (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir.1992)). "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and

2

the results obtained from the litigation." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). Thus, there is a strong presumption that the lodestar amount represents a reasonable fee and any adjustment of that figure is proper only in "rare and exceptional cases." *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal citations omitted).

## DISCUSSION

Plaintiff seeks $17,467.46 for time spent litigating this case, including litigating the contested fee motion. Defendant does not dispute that plaintiff is the prevailing party, but contends that "all of the fees and costs expended in this case were unreasonable as these claims could have been prosecuted at the same time the identical claims were prosecuted against Patenaude & Felix's client." Opp'n at 1:10-12. Defendant also contends that if the Court is inclined to grant any fees, the Court should award no more than $1,500 in fees and costs.

### I.  Rates

The Court first evaluates whether counsel's billing rates are reasonable. Mr. Schwinn seeks a rate of $450 per hour, and Mr. Roulston seeks a rate of $300 per hour. "[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation." *Camacho*, 523 F.3d at 971. "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.3d 403, 407 (9th Cir. 1990).

In support of the fee request, plaintiff has submitted the declarations of plaintiff's counsel, Fred Schwinn and Raeon Roulston, as well as declarations from two attorneys who practice in the area of consumer law, Ronald Wilcox and Scott Maurer. Mr. Schwinn's declaration states that he is a shareholder in the law firm Consumer Law Center, Inc., and that he is a 1997 graduate of Washburn University School of Law. Schwinn Decl. ¶¶ 1, 4. Mr. Schwinn states that his practice is "limited exclusively to the representation of consumers, with particular emphasis on representing consumers under the [FDCPA], Truth in Lending Act, Telephone Consumers Protection Act, Uniform Commercial

3

1  Code, common law fraud, misrepresentation and deceit, usury, and other laws enacted to protect
2  consumers." *Id*. ¶ 5.  Mr. Schwinn was honored as "Attorney of the Year" in 2013 by Community Legal
3  Services in East Palo Alto, and was also honored as "Outstanding Volunteer Attorney" in 2011 and 2012
4  by the Volunteer Legal Services Program of the San Francisco County Bar Association.  *Id*. ¶ 7.  Mr.
5  Roulston is a 2007 graduate of Santa Clara University School of Law, and he states that his practice "is
6  limited exclusively to the representation of consumers, with particular emphasis on representing
7  consumer debtors under the United States Bankruptcy Code."  Roulston Decl. ¶¶ 4-5.  Mr. Roulston
8  states that he was one of two (along with Mr. Schwinn) recipients of the 2013 "Attorney of the Year"
9  award given by Community Legal Services in East Palo Alto.  *Id*. ¶ 7.

10  Plaintiff has also submitted the declarations of two consumer law attorneys, Mr. Ronald Wilcox
11  and Mr. Scott Maurer, to support the reasonableness of the requested hourly rates.  Mr. Wilcox states
12  that he is familiar with the hourly rates for consumer protection litigation charged in the San Francisco
13  Bay Area by attorneys with experience, skill, and reputation similar to Mr. Schwinn and Mr. Roulston,
14  and that "[t]he market rate in the San Francisco Bay Area for state and federal litigation of consumer
15  law issues that are similar in difficulty and complexity to the issues herein is a range extending from
16  $300 to $600+ per hour, depending on the skill, experience, and reputation of the attorney."  Wilcox
17  Decl. ¶¶ 13-14.  Mr. Maurer states he is familiar with attorneys' rates in the San Francisco Bay Area.
18  Maurer Decl. ¶ 5.  Mr. Maurer is a 1995 graduate of Santa Clara University School of Law, and he states
19  that in April 2013, Judge Overton of the Santa Clara County Superior Court awarded Mr. Maurer fees
20  at $420 per hour on a contested fee motion in a consumer debt collection case, and that in 2009 Judge
21  Emerson of the same court awarded Mr. Maurer fees at $400 per hour in a consumer collection case.
22  *Id*. ¶¶ 3-4 (citing cases).  Mr. Maurer states that he is familiar with Mr. Schwinn's work because, *inter*
23  *alia*, Mr. Schwinn volunteers at Mr. Maurer's law clinic (the Katharine and George Alexander Law
24  Center), and that based on his work with Mr. Schwinn, he believes Mr. Schwinn's expertise in consumer
25  law issues is at least comparable to his own.  *Id.* ¶¶ 5-6.

26  Plaintiff also cites several recent Northern District cases awarding Mr. Schwinn and Mr.
27  Roulston their requested rates.  *See Brown v. Mandarich Law Group, LLP*, Case No. 13-cv-04703-JSC,
28  2014 WL 1340211, at *2 (N.D. Cal. Apr. 2, 2014); *De Amaral v. Goldsmith & Hull*, Case No. 12-cv-

4

03580-WHO, 2014 WL 1309954, at *2-3 (N.D. Cal. Apr. 1, 2014); *see also Rivera v. Portfolio Recovery Assoc., LLC*, No. C 13-2322 MEJ, 2013 WL 5311525, at * 3-4 (N.D. Cal. Sept. 23, 2013) (approving $450 per hour for Mr. Schwinn and $300 per hour for attorney with same years of experience as Mr. Roulston). The Court finds that plaintiff has established through these declarations and cases that the rates sought are reasonable and in line with the prevailing rates in the Northern District for similar work performed by attorneys of comparable skill, experience and reputation.

Defendant contends that the rates sought are too high because this case was a "garden variety, non-complex case." Opp'n at 11:10. As support, defendant cites a 2005 decision from the Northern District awarding a rate of $250 per hour in a consumer debt collection case, as well as several cases from the Eastern District. *See Johnson v. Credit Intern., Inc.*, No. C-03-100 SC, 2005 WL 2401890 (N.D. Cal. July 28, 2005); *see also Riker v. Distillery*, No. 2:08-cv-00450-MCE-JFM, 2009 WL 4269466 (E.D. Cal. 2009) (awarding $250/hour in an ADA case because "[c]ourts within the Eastern District have repeatedly capped the award of a reasonable fee for an experienced ADA attorney at $250.00 per hour."). The Court does not find the Eastern District cases probative of the prevailing rates in the Northern District. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984) (reasonable hourly rate is calculated "according to the prevailing market rates in the relevant community."). The Court is also not persuaded by *Johnson*. As an initial matter, *Johnson* was issued in 2005, and thus even if the Court was inclined to follow that case, the rates would need to be adjusted upward to take into account the ten years which have elapsed since that time. Further, in *Johnson*, although the court acknowledged that the Northern District was the relevant market, the court declined to rely on a 2004 Northern District case awarding rates of $435 and $400 per hour, and instead relied on cases from New York, Indiana and Ohio to arrive at the awarded rate of $250 per hour. *See Johnson*, 2005 WL 2401890, at *4.

Accordingly, the Court finds that the requested rates of $450 per hour for Mr. Schwinn and $300 per hour for Mr. Roulston are reasonable and within the prevailing rates in the Northern District.

**II.     Reasonableness of hours**

The second step of the lodestar analysis involves determining the number of hours reasonably spent litigating this case. The party seeking fees bears the initial burden of establishing the hours

5

expended litigating the case and must provide detailed time records documenting the tasks completed and the amount of time spent. *Hensley v. Eckerhardt*, 461 U.S. 424, 434 (1983); *Welch v. Met. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. The district court may also exclude any hours that are excessive, redundant, or otherwise unnecessary. *Id*. at 434. After the party seeking fees has come forward with its evidence supporting the time billed, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates*, 987 F.2d at 1397-98.

Plaintiff's counsel have submitted a copy of their time records describing how counsel expended their time in this case. *See generally* Schwinn Decl. Ex. A; Supp. Roulston Decl. ¶ 3 (describing work performed after filing fee motion). The Court finds that this documentation is sufficiently detailed to enable the Court to assess the reasonableness of the time spent.

Defendant contends that all of the hours spent in this case are unreasonable because plaintiff could have litigated these claims in the state court cross-complaint. However, the state court settlement only resolved plaintiff's claims against Discover Bank, and indeed, the release expressly excluded defendants Patenaude & Felix and Michael Boulanger. Docket No. 48, Ex. D. As plaintiff notes, defendants "could have done whatever it took to obtain a release in the Discover Bank settlement, or simply served a Rule 68 offer early on in this case." Reply at 6:15-16. While plaintiff could have brought his claims against defendants in the state court case, plaintiff was not required to do so, and the Court will not reduce plaintiff's hours on this basis. *Cf. Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *3-5 (N.D. Cal. Mar. 26, 2012) (in FDCPA case, denying the defendants' motion for summary judgment and holding that plaintiff's claims against law firm were not barred by claim preclusion where plaintiff had settled state claims against law firm's client and state settlement expressly did not cover claims against the law firm).

Defendants also argue that the fee motion should be denied outright because plaintiff's counsel did not meet and confer with defendants prior to filing the motion. It is the Court's view that it is always the better practice to meet and confer before engaging in potentially unnecessary motion practice.

6

However, in light of defendants' numerous challenges to the fee motion, including the argument that all fees should be denied due to the state court litigation, the Court finds that it is unlikely that meeting and conferring would have obviated the need for a fee motion. The Court will not deny the fee motion on this basis.

Defendants also challenge as excessive the amount of time spent on a number of specific tasks. Defendants argue that the time spent on the complaint – 3.1 hours by Mr. Schwinn – is excessive in light of the similar state court cross-complaint, and as well as similar FDCPA complaints drafted by Mr. Schwinn and filed in this Court. Defendants also challenge as unnecessary or excessive the following: 3 hours spent drafting the motion to strike affirmative defenses; 2 hours to prepare initial disclosures; 3 hours to draft discovery requests; .6 hours spent on pre-mediation telephone communications; 2 hours spent drafting a mediation statement; and 2.5 hours spent drafting the fee motion.

Plaintiff responds to each of these criticisms, arguing that the time spent was necessary and reasonable. For the most part, the Court agrees with plaintiff and finds that plaintiff has shown that the time expended was reasonable. However, the Court agrees with defendant that in light of the state court cross-complaint arising out of the same facts, and the fact that Mr. Schwinn is an experienced attorney who has filed many similar FDCPA complaints in this Court, the time spent on the complaint should be reduced to 2 hours. *See Brown*, 2014 WL 1340211, at *4 (2.2 hours for drafting the complaint was reasonable). The Court also finds that the time spent drafting the motion to strike affirmative defenses should be reduced because plaintiff's counsel did not meet and confer with defense counsel prior to filing the motion, and based upon the record before the Court, it appears that the motion may have been unnecessary.[2] However, because defendants filed amended answers – suggesting that the motion to strike was not without merit – the Court finds a reduction to 1 hour, as opposed to eliminating all of the time spent, is reasonable. In addition, Mr. Roulston pre-billed 1 hour for preparing for and attending

---

[2] Defense counsel Tara Natarajan filed a declaration stating that after the motion to strike was filed, she contacted plaintiff's counsel and indicated defendants' willingness to file amended answers addressing the issues raised in the motion. Natarajan Decl. ¶ 2. Ms. Natarajan also states that she attended the May 2, 2013 case management conference, which was held after plaintiff filed the motion to strike. Ms. Natarajan states, and plaintiff's counsel does not dispute, that at that conference the Court commented that a meet and confer could have avoided the filing of the motion to strike, and the Court directed plaintiff's counsel to withdraw the motion and ordered defendants to file amended answers. *Id.* ¶ 3.

7

the hearing on plaintiff's fee motion. However, because the Court vacated the hearing on the motion before the hearing date, the Court deducts that hour from the fee award.

Based on the analysis above, the Court GRANTS plaintiff's motion for fees as follows:

Mr. Schwinn claims 32.5 hours at $450 per hour, totaling $14,625. This amount is reduced by 1.1 hours for drafting the complaint, and 2 hours for drafting the motion to strike, bringing the revised total to $13,230 (39.4 hours x $450). Mr. Roulston claims 7.9 hours at $300 per hour, totaling $2,370. This amount is reduced by 1 hour for the time pre-billed for preparing for and attending the hearing, bringing the revised total to $2,070 (6.9 hours x $300). The total fee award is $15,300.

## III.     Costs

Plaintiff also seeks an award of costs in the amount of $472.46 as follows: (1) $350 in filing fees; (2) $106 in photocopying fees; and (3) $16.46 in postage expenses. Schwinn Decl. ¶ 15. Defendants do not dispute that plaintiff is entitled to costs for filing, photocopying, and postage expenses under the FDCPA. Therefore, the Court GRANTS plaintiff's motion with regard to these costs. *See Scott v. Federal Bond and Collection Service, Inc*., No. 10-CV-02825–LHK, 2011 WL 3652531, at * 4 (N.D. Cal. Aug. 19, 2011) (awarding photocopying expenses, filing fees, postage, and process server fees in FDCPA case).

### CONCLUSION

Based on the analysis above, the Court GRANTS IN PART plaintiff's motion for attorney's fees in the amount of $15,300, and costs in the amount of $472.46.

**IT IS SO ORDERED.**

Dated: April 15, 2014

SUSAN ILLSTON
United States District Judge